■ In the Matter of the Adoption of MEREDITH E. GEIGER, an Infant. CHURCH COUNSELING SERVICE OF THE DIOCESE OF ALBANY, Appellant; EVELYN

HANDLER, Respondent.— Appeal from an order of a Special Term, Supreme Court, Albany County. On October 29, 1957, the petitioner, who is the natural mother of the child whose custody is involved in this proceeding, executed an instrument surrendering the custody and guardianship of the child to the respondent for placement in a foster home for adoption. The respondent is " an authorized agency " for this purpose within the Social Welfare Law, and the instrument surrendering the custody of the child and providing for its guardianship by the respondent was in pursuance of section 384 of the Social Welfare Law. The surrender instrument was executed after a number of conferences and discussions between the mother and the agency. Three weeks later, on November 21, the agency was advised that the mother had changed her mind about the surrender of guardianship; and that she wanted the child back. The child had, in the meantime, on November 6, been placed provisionally by the agency in the home of a family seeking ultimately to adopt it. No adoption has been consummated. Since this placement was provisional, and the time too short for actual adoption, the agency having guardianship under the document executed by the mother retained control of the decision whether the child should be removed from the home where it had been placed. The agency took the request for return of the child to the mother under advisement, and on December 2 told the mother it would not return the child. There were further correspondence and conferences, but the agency adhered to its refusal and on March 17, 1958, this proceeding was instituted in the Supreme Court for an order abrogating and revoking the consent of the mother to the custody and adoption of the child and requiring the respondent to return the child to her. The court at Special Term after a trial has directed the return of the child to the mother. The consent by a parent to the change of guardianship and custody to an authorized agency for the purpose of adoption or care is expressly sanctioned by law (Social Welfare Law, § 384) and is a valid contract by which the agency undertakes to become responsible for the care and maintenance of the child unless the child is thereafter adopted. (*People ex rel. Anonymous* v. *Perkins Adoption Society*, 271 App. Div. 672). But until there had been an actual adoption, it is a contract the continuance of which remains under judicial supervision; and it is clear that the Supreme Court retains power to direct a change of custody from the authorized agency back to the parent notwithstanding the formal document of surrender. (Social Welfare Law, § 383). As BOTEIN, J., noted in *People ex rel. Grament* v. *Free Synogogue Child Adoption Committee* (194 Misc. 332), the surrender document is " a contract bearing statutory sanction and approval " which " materially alters and diminishes the rights " of a parent " seeking to regain custody " but " it may not accomplish an irrevocable commitment of custody and guardianship " before actual adoption (p. 335). The test which the statute itself requires for the order of the court that the child be returned to the mother is two-fold: (a) that the welfare of the child will be promoted by such an order; and (b) that the parent is fit and able to maintain and educate the child. After the trial the Special Term found for the mother on both of these issues. We have no doubt that the mother is fit and able to support and maintain the child; but it seems a closer question whether she can maintain the child as adequately as the family with which it has been placed conditionally by the agency and which in due course would be expected to adopt the child. But here the issue of welfare of the child seems closely balanced. The relationship of blood and of parenthood is a factor which must be weighed into consideration, even though in other respects a family unrelated to the child, but willing to adopt it as its own, might give it a better home economically and a balanced family relationship emotionally. In somewhat

similar situations decision went in favor of the agency in *Perkins* and *Grament (supra)*; but each case rests on the welfare of the particular child in the particular parental and custodial situation. We are unwilling to interfere with the carefully exercised judgment of the court at Special Term that the welfare of the child is to be served better by returning it to its natural mother. Order affirmed, without costs. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.