■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PATRICIA "BB", Appellant, v ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. —Appeal from a judgment of the Family Court, entered November 8, 1974 in Albany County, which dismissed a writ of habeas corpus and continued custody of the child with the Albany County Department of Social Services. A child was born on March 27, 1971 to petitioner, an unwed mother. At petitioner's request, the infant was placed with the Albany County Department of Social Services for foster care. During October, 1971, petitioner took her daughter home, but in February, 1972 returned the infant to foster care where she remained until January 29, 1974, when she was placed in a hospital for evaluation. On June 13, 1974, petitioner voluntarily signed a surrender for the adoption of the infant. Forty-eight days later, petitioner sought the return of her child. This effort culminated in a writ of habeas corpus. The child has not been placed in an adoptive home. On the return of the writ, the Family Court of Albany County, after testimony, determined that the annulment of the surrender be denied and that the social services agency retain custody of the infant. Petitioner appeals from this judgment. The surrender of the child by petitioner is expressly sanctioned, but the law does not endow the surrender with irrevocability foreclosing a mother from applying to the court to restore custody of the child to the mother (Social Services Law, § 384). Until there has been an actual adoption, or the agency has met specified requirements, the surrender remains under and subject to judicial supervision *(People ex rel. Scarpetta v Spence-Chapin Adoption Serv.,* 28 NY2d 185; Social Services Law, § 384, subd 5). The court should exercise its power to direct a change in custody from the agency back to the natural parent, notwithstanding the surrender, when it determines the interests of such child will be promoted thereby and such parent is fit, competent and able to duly maintain, support and educate the child (Social Services Law, § 383, subd 1). Insofar as the best interests of the child are concerned, the petitioner has a right to the care and custody of the child superior to that of all others, unless she had abandoned that right or is proved unfit to assume the duties and privileges of parenthood *(People ex rel. Scarpetta v Spence-Chapin Adoption Serv., supra; People ex rel. Kropp v Shepsky,* 305 NY 465). The primacy of status accorded the natural parent is not terminated by the surrender and, although such act may be considered by the court, the surrender to an authorized adoption agency does not constitute, as a matter of law, an abandonment *(People ex rel. Anonymous v New York Foundling Hosp.,* 17 AD2d 122, affd 12 NY2d 863). The trial court stated that the evidence adduced on behalf of petitioner was insufficient to convince the court that petitioner would be able to provide care in a stable

permanent home environment within the practicable future. The court was not convinced that, subsequent to the signing of the surrender, the circumstances of the petitioner had changed so that the best interests of the child would be better served by placing the child with the petitioner. We cannot agree that the burden is upon the petitioner to prove that she is now fit to take care of the child, and the best interests of the child would be served by placing it with the petitioner. In such instances, the burden rests not upon the mother to show that the child's welfare would be advanced by being returned to the mother, but rather upon the nonparent to prove that the mother is unfit to have her child *(People ex rel. Kropp v Shepsky, supra)*. The law contains the presumption that the best interests of the child will be promoted by returning the child to the custody of its natural parent *(People ex rel. Scarpetta v Spence-Chapin Adoption Serv., supra)*. Legislation which eliminates that presumption has no application herein as it only applies after preadoption placement has been made (Social Services Law, § 383, subd 5; § 384, subd 5). A significant factor to be considered herein is the motivation of the petitioner in seeking the return of the child. The petitioner testified that the child's doctor told her that the infant needed a mother and a father and a stable environment. Petitioner further stated that she was about to be married and could provide that stable environment. Furthermore, petitioner wanted the child back because even if she never married, she was now capable of caring for the child since she had obtained a larger apartment, a salary increase and suitable arrangements for a babysitter. A change of mind by the natural mother is not in and of itself an evil thing. Instead, it is to be accorded great sympathy and, in a proper case, encouragement and favorable action *(People ex rel. Anonymous v New York Foundling Hosp., supra)*. It appears here that the mother is motivated by her concern for the well-being of her child and that she has now stabilized her life-style sufficiently to warrant the return of her child. The record demonstrates that the petitioner is fit, competent and able to maintain and support the child. Therefore, it follows that the best interests of the child will be promoted by her return from the agency to her natural mother. Judgment reversed, on the law and the facts, without costs, writ of habeas corpus sustained, and custody of the infant awarded to the petitioner. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.