In the Matter of MARIAN PP, on Behalf of TANGELEE OO, Appellant, v MARIAN OO, Respondent.—Appeal from an order of the Family

Court of Chemung County, entered June 10, 1975. Subsequent to the filing of a petition by the maternal grandmother for the custody of an infant child born to her unwed daughter, the mother surrendered the child to the Chemung County Department of Social Services for adoption. The Family Court dismissed the petition on the ground that such surrender for adoption by the natural mother rendered petitioner's custody proceeding moot and directed that petitioner turn over physical possession of the child to the department of social services. On this appeal, petitioner contends that it was error to rule the petition moot because, notwithstanding her surrender of the child, the natural mother retained certain inherent custody rights. This contention is without merit. A change in custody which is permitted after the surrender for adoption operates only in favor of the natural parent as it is grounded on the presumption that the best interests of the child will be promoted thereby. (See, e.g., *People ex rel. Patricia BB v Albany County Dept. of Social Servs.*, 47 AD2d 974.) Here, the natural mother retained no right to custody and the transfer of custody to the department of social services effected by her surrender for adoption rendered moot petitioner's custody proceeding against her daughter. The court properly dismissed the petition. There is no showing that any bias evidenced by the court in favor of adoption of the child by someone other than petitioner rendered the surrender involuntary. Nor does the record demonstrate any undue influence on the part of the representative of the department of social services in securing such surrender document. In view of our determination, it becomes unnecessary to pass on petitioner's other contentions. Order affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.