■ In the Matter of DONALD BB, Appellant, v WILLIAM LIDDLE, as Commissioner of Chemung County Department of Social Services, Respondent.—Appeal from an order of the Family Court of Chemung County, entered April 5, 1976, which denied petitioner's application seeking custody of his children. Petitioner and his former wife each executed forms surrendering their two children to respondent on October 10, 1975. A petition and order to show cause wherein petitioner sought custody of the children were served upon respondent on November 6, 1975. On the return date of the order, counsel for respondent moved to permit revocation of the surrenders and, by mutual consent of counsels for all the parties involved, the court granted the motion and ordered the surrenders nullified. Counsel for respondent subsequently moved to withdraw his prior motion to permit revocation of the surrenders. This subsequent motion was based upon the claim by respondent's counsel that he had previously been mistaken as to respondent's position in the matter and, consequently, his prior motion had been made without respondent's authority. An order was entered vacating the order which annulled the surrenders and, although petitioner contests the propriety of such an order, no appeal was taken therefrom. On April 5, 1976 another order was entered sustaining the validity of the surrenders and denying petitioner custody of the children. It is from this order that petitioner appeals. The surrender instruments executed by petitioner provide that, pursuant to subdivision 5 of section 384 of the Social Services Law, no action or proceeding may be maintained by either parent for the custody of the surrendered child or to revoke the surrender where the child has been placed in the home of adoptive parents and more than 30 days have elapsed since the execution of the surrender. The instruments also provide that such provisions do not bar actions or proceedings brought on the grounds of fraud, duress or coercion in the execution or inducement of the surrender. Since petitioner commenced this proceeding within 30 days from his execution of the surrenders and prior to the children being placed in the home of adoptive parents, he is not barred from seeking the custody of his children by subdivision 5 of section 384 of the Social Services Law nor by the surrender instruments. Although petitioner is similarly not precluded from seeking his relief on the grounds of duress or coercion, we are of the view that there is insufficient evidence in the record to support petitioner's contention that duress or coercion was involved in the execution or inducement of the surrenders. The issue thus narrows to a determination of whether the interests of the children will be promoted by a change of custody from the agency to petitioner and whether petitioner is fit, competent and able to duly maintain, support and educate the children *(People ex rel. Patricia "BB" v Albany County Dept. of Social Servs.,* 47 AD2d 974; Social Services Law, § 383, subd 1). The Family Court divided the hearings into two parts. In the first part the court was concerned with whether the surrenders should stand or fall insofar as their executions were concerned. If the surrenders were annulled, the court would then hear testimony in the

second part concerning custody. The court decided that the surrenders should not be annulled as they were properly executed after several discussions and with all parties concluding that the placement of the children for adoption was in the best interests of the children. In our opinion, the deferment of evidence concerning custody until after a determination on the annulment of the surrenders was improper. Since a determination had to be made as to the best interests of the children and the fitness of the petitioner to maintain and support the children notwithstanding the surrenders, petitioner should have been allowed an adequate opportunity to address these issues. The procedure adopted by the court deprived him of such an opportunity. Therefore, the order must be reversed and the matter remitted to Family Court for further proceedings. Order reversed, on the law and the facts, without costs, and matter remitted for further proceedings consistent herewith. Greenblott, J. P., Sweeney, Larkin, Mikoll and Herlihy, JJ., concur.