■ In the Matter of FRANCISKA J. GG, Appellant, v RICHARD DUQUETTE, as Commissioner of the Clinton County Department of Social Services, Respondent.—Appeal from an order of the Family Court of Clinton County, entered March 10, 1977, which denied petitioner's application to revoke the surrender of her infant son to respondent for adoption. Petitioner gave birth to a son, Mark, on January 5, 1975. Petitioner was born in Poland, and has lived in the United States for over 16 years. After discussing the matter of an adoption for Mark with a representative of the respondent, petitioner, on November 26, 1976, signed a surrender of child for adoption pursuant to the provisions of section 384 of the Social Services Law. On December 21, 1976, petitioner talked with respondent's representative, and informed respondent that she did not want to proceed with the plans for adoption. On December 23, 1976 petitioner met with the proposed adoptive parents, and she alleges that the proposed adoptive mother did not appear to show much affection for Mark. On December 27, 1976, petitioner talked with respondent's representative, and expressed concern for Mark's welfare. On January 6, 1977, Mark was placed in the home of his proposed adoptive parents. Petitioner alleges that she believed that, in order to revoke the surrender, all she was required to do was to call respondent within the 30-day period. She also alleges that she will be capable of taking care of Mark's needs. Petitioner commenced this proceeding on February 9, 1977 for an order revoking the surrender document dated November 22, 1976 (Social Services Law, § 384, subd 5). After a hearing held on March 10, 1977, the Family Court denied the application. Petitioner was the only witness who testified. She said she had "some earnings now; and I have been quite a lot of my life with

children. I used to work in hospital." Further, petitioner testified that she felt that it was in the best interest of her child to be returned to her custody. Family Court determined that the only issues before the court were whether the document signed on November 26, 1976 was a valid surrender and whether it could be revoked by petitioner. The court held that the surrender was validly executed and, therefore, the surrender was, and is, valid. The court further held that the best interest of the child would be promoted by giving force and effect to the surrender document. The decision of what is in the best interest of the child is not supported by any evidence in the record, and the holding of Family Court may not be upheld. Where notice of revocation of the surrender and demand for return of the child are made within the 30-day period, the time limitation of the statute will not bar a proceeding to revoke the surrender *(Matter of "Baby Boy P.",* 85 Misc 2d 1001). It should be noted that petitioner informed respondent of her desire to revoke the surrender document on December 21, 1976, and that the infant was not placed within the home of his proposed adoptive parents until January 6, 1977. "The consent by a parent to the change of guardianship and custody to an authorized agency for the purpose of adoption or care is expressly sanctioned by law (Social [Services] Law, § 384) and is a valid contract by which the agency undertakes to become responsible for the care and maintenance of the child unless the child is thereafter adopted. *(People ex rel. Anonymous v. Perkins Adoption Society,* 271 App. Div. 672). But until there had been an actual adoption, it is a contract the continuance of which remains under judicial supervision; and it is clear that the Supreme Court retains power to direct a change of custody from the authorized agency back to the parent notwithstanding the formal document of surrender." *(Matter of Geiger,* 6 AD2d 977, 978.) It has been further held in *People ex rel. Patricia "BB" v Albany County Dept. of Social Servs.* (47 AD2d 974) that: "The surrender of the child by petitioner is expressly sanctioned, but the law does not endow the surrender with irrevocability foreclosing a mother from applying to the court to restore custody of the child to the mother (Social Services Law, § 384). Until there has been an actual adoption, or the agency has met specified requirements, the surrender remains under and subject to judicial supervision *(People ex rel. Scarpetta v Spence-Chapin Adoption Serv.,* 28 NY2d 185; Social Services Law, § 384, subd 5). The court should exercise its power to direct a change in custody from the agency back to the natural parent, notwithstanding the surrender, when it determines the interest of such child will be promoted thereby and such parent is fit, competent and able to duly maintain, support and educate the child (Social Services Law, § 383, subd 1)." Order reversed, on the law and the facts, without costs, and matter remitted to Family Court for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Staley, Jr., Larkin and Herlihy, JJ., concur.