OPINION OF THE COURT
Minna R. Buck, J.
Separate petitions were filed in the above-captioned matters by Onondaga County Department of Social Services, each seeking approval of a surrender of the custody and guardianship of the respective children named therein to the petitioner, pursuant to Social Services Law § 384 (4). In each case, the surrender instrument was executed by the mother of the child. In each case, the instrument is entitled "irrevocable *1030 certificate of adoption surrender” and recites that the maker does "waive notice of the petition and notice of proceeding required to be filed by the Department of Social Services in the Family Court for approval of this instrument pursuant to Section 358-a of the Social Services Law * * * and I further consent to waive any hearing in such proceeding and consent that a determination be made by the Family Court based solely upon the petition and other papers and affidavits, if any, submitted in the proceeding”. It also states,
"I hereby expressly authorize and empower the Department of Social Services of Onondaga County, Syracuse, New York, in its discretion, to consent to the adoption of said child, in the place and stead of myself and I waive any notice of such adoption.
"I further understand that pursuant to Section 384, subdivision 5, of the Social Services Law, no action or proceeding may be maintained by me for the custody of said child or to revoke or annul this Surrender where the child has been placed in the home of adoptive parents and more than thirty days have elapsed since the execution of this Surrender or where the purpose of such action or proceeding is to return the child to or vest the child’s custody in any person other than myself.”
Each of the proceedings was initiated by an "Order Directing Service of Notice”, which enumerated persons entitled to notice of the petition pursuant to sections 358-a and 384 of the Social Services Law. In no case was the mother of the child (maker of the surrender instrument) either named in the order which directed notice or actually served.
The court now finds that service of notice upon the person who executed the "Irrevocable Surrender” instrument is a condition precedent to approval of these petitions.
Section 358-a (4) authorizes the court to dispense with notice where the person executing the instrument has waived service of process and notice. In none of these proceedings do the supporting papers include sufficient information as to the circumstances surrounding the execution of the surrender to permit the court to determine whether the instrument was executed "voluntar[il]y * * * and knowing[ly]” (see, Matter of Janet G. v New York Foundling Hosp., 94 Misc 2d 133, 146; Matter of Franciska J. GG v Duquette, 64 AD2d 787; Matter of Ruth ”J” v Beaudoin, 55 AD2d 52).
There is no showing whether or not the time during which *1031 the surrender might be revoked has lapsed, or whether grounds exist for challenge due to "fraud, duress or coercion in the execution” (Social Services Law § 384 [5]).
Once a petition for approval of a surrender is granted, "No person who has received such notice [of the petition] and been afforded an opportunity to be heard may challenge the validity of a surrender * * * in any other proceeding.” (Social Services Law § 384 [4]; McGaffin v Family & Children’s Serv., 6 Misc 2d 776.)
The court is aware that requiring service of notice on the persons who executed the surrenders will result in delays in proceeding to implement permanency plans for these children, many of whom have been in foster care for extended periods of time. (The court has noted that many of the surrenders themselves were executed months prior to the filing of the petitions for their approval.) Nevertheless, it is important to assure due process for the natural parents. Notice at this stage to the surrendering parent will also reduce the potential for future challenges to pending plans for adoption of the children (which, presumably, is the reason for the filing of these petitions in the first place). Accordingly, it is
Ordered, petitioner shall serve notice upon the person who executed the surrenders herein by personal service pursuant to CPLR 308 (1) or, if any such individual cannot be located within the jurisdiction or cannot be so served, by certified mail to the last known residence(s) of the respective individuals; and it is further,
Ordered, such notice shall specify April 5, 1988 at 2:00 p.m. as the date for appearance in Part V.