■ In the Matter of FREDERICK MM. and Others, Children Alleged to be Neglected. MICHAEL MM., Appellant; FRANKLIN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [608 NYS2d 340] —Cardona, P. J. Appeal from an order of the Family Court of Franklin County (Rogers, J.), entered January 25, 1993, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to terminate placement of his three children with respondent.

By order entered August 30, 1991, petitioner's three children, Frederick, Lawrence and Ryan were adjudicated neglected children in a proceeding brought against their mother and placed in respondent's custody for a period of one year. The children's placement was subsequently extended by order entered June 26, 1992 for an additional 12-month period from August 12, 1992. On or about August 20, 1992, pursuant to Family Court Act § 1062, petitioner applied for an order terminating the placement and sought return of the children to his custody. Family Court held a hearing on December 8, 1992 at which petitioner and the children's mother appeared with counsel and the children were represented by a Law Guardian. Petitioner offered his testimony solely in support of the application for termination of placement. At the close of petitioner's case, Family Court granted a motion by respondent, in which the Law Guardian and mother joined, dismissing the petition based upon petitioner's failure to sustain his burden of proof to terminate placement. This appeal by petitioner ensued.

Petitioner first argues that respondent failed to comply with the original order of placement which directed that primary consideration for placement of the children be given to petitioner in the event that the children's mother was unsuccessful in maintaining the children in her physical custody. This argument lacks merit. Petitioner never alleged a violation of the original placement order. Thus, at the termination hearing, respondent was under no obligation to produce evidence that it had complied with the order. In any event, a review of the record shows that in October 1992 respondent conducted a home study of petitioner's home, thereby indicating that it had considered placement of the children with petitioner, though it subsequently rejected his request.

Next, petitioner argues that Family Court failed to make the requisite determination under Family Court Act § 1065 (a) that "continued placement serves the purposes of this article". We disagree. While there is no rote recitation of this phrase in the decision, Family Court adequately articulated the reasons why discharging the children to petitioner's custody would not serve to safeguard their physical, mental and emotional wellbeing (see, Family Ct Act § 1011). We find Family Court's determination to continue placement to be an appropriate exercise of discretion under the circumstances of this case.

Finally, the record does not support petitioner's claims that either the Family Court Judge, respondent's attorney or the

Law Guardian had any conflicts of interest which implicated a legal or ethical obligation to recuse or disqualify themselves from participation in this proceeding.

Mercure, Crew III, White and Weiss, JJ., concur. Ordered that the order is affirmed, without costs.