In the Matter of SHANE OO. TODD PP., Appellant. FRANKLIN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [644 NYS2d 113] —Yesawich Jr., J.

Shane OO. was born out-of-wedlock in 1992. Thereafter, in July 1993, he was found to have been neglected by his mother and placed in respondent's custody, where he remains in foster care at the present time. Although from the outset petitioner maintained that he was Shane's father, that assertion was apparently challenged by respondent and the child's mother until an order of filiation was entered in December 1993, several months after the neglect proceeding was concluded. Significantly, petitioner was not a party to the neglect proceeding, nor was he considered a caretaker for the child, prior to its resolution.

Upon being adjudged Shane's father, petitioner immediately

sought to obtain visitation with his son, intending to eventually seek custody. In response, as a condition to petitioner obtaining custody, respondent sought to have petitioner participate in various "services" (e.g., homemaking, parenting classes) and to undergo psychological and substance abuse evaluations. Petitioner declined to comply and, in August 1994, asked respondent to voluntarily relinquish custody of Shane. When this request was refused, petitioner brought the instant application to terminate Shane's placement (*see,* Family Ct Act § 1062). After affording respondent an opportunity to answer the petition, and to set forth its reasons for opposing the relief sought therein, Family Court denied the petition without a hearing, prompting this appeal.

We reject petitioner's contention that Family Court erred in allowing respondent 14 days from the parties' initial court appearance on December 14, 1994 to answer the petition, rather than the five days from service provided by Family Court Act § 1063. As neither party entirely satisfied the procedural requirements of that section, and petitioner failed to demonstrate any prejudice resulting from respondent's delay—notably, the matter was decided expeditiously, in accordance with the purpose of the statute—the court's refusal to award petitioner custody on the basis of this technical defect was not injudicious.

There is merit, however, in petitioner's contention that the petition should not have been denied summarily, without a hearing. His status as the child's biological parent, and the fact that there has been no finding of neglect, abandonment, unfitness or other extraordinary circumstances that could justify respondent's continuing interference with his parental rights, lends force to his argument (*see, Matter of Male Infant L.,* 61 NY2d 420, 426-427; *cf., People ex rel. Patricia BB. v Albany County Dept. of Social Servs.,* 47 AD2d 974). Plainly, petitioner's noncompliance with the recommended service plan of respondent's caseworker does not equate to the sort of "gross misconduct" (*Matter of Male Infant L., supra,* at 427) necessary to warrant denying him custody.

Due process requires that petitioner at least be afforded an opportunity to put respondent to its proof, and to challenge its purported justification for refusing to relinquish custody (*see, Matter of Ella B.,* 30 NY2d 352, 356; *Matter of Ana Maria Q.,* 52 AD2d 607), before being deprived of his fundamental right to raise his son. Inasmuch as he was not a party to the original neglect proceeding, through no fault of his own (*cf., Matter of Dutchess County Dept. of Social Servs. [Cody M.],* 196 AD2d

196, 200), it was improper to deny him a hearing at this juncture.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Franklin County for further proceedings not inconsistent with this Court's decision.