■ In the Matter of CATHERINE MM., Appellant, v ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Proceeding No. 1.) In the Matter of DOUGLAS MM., a Child Alleged to be Abused and Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CATHERINE MM., Appellant. (Proceeding No. 2.) [740 NYS2d 491] —Crew III, J. Appeals (1) from an order of the Family Court of Ulster County (Mizel, J.), entered July 25, 2000, which dismissed petitioner's application, in proceeding No. 1 pursuant to Family Court Act article 10, for modification of a prior order awarding custody of petitioner's child to respondent, and (2) from an order of said court, entered January 2, 2001, which, inter alia, granted petitioner's application, in proceeding No. 2 pursuant to Family Court Act article 10, for an order extending placement.

In July 1998, the Ulster County Department of Social Services (hereinafter DSS) removed Douglas MM. (born in 1991) from the home of his parents, Catherine MM. (hereinafter the mother) and Raymond MM. (now deceased), following reports that the child had been sexually abused by his maternal uncle. Following a hearing, Family Court adjudicated Douglas to be a neglected child and, inter alia, placed his parents under the supervision of DSS for a one-year period, directed that they undergo individual therapy and attend parenting classes and ordered that the child undergo therapy as well.

Thereafter, in March 2000, the mother commenced proceeding No. 1 alleging that her compliance with the various DSS directives constituted a sufficient change in circumstances to warrant the return of her child. Family Court denied the mother's application, finding that she had failed to demonstrate a sufficient change in circumstances to warrant modification of the court's prior order of placement or that it was in the child's best interest to be returned to her.

In July 2000, DSS commenced proceeding No. 2 seeking an extension of the child's placement in foster care and approval of its permanency plan to reunite the child with his mother. At the start of the hearing that ensued, DSS advised Family Court that the child's permanency plan had been changed from reunification with the mother to termination of the mother's parental rights. Family Court thereafter granted DSS's application, extended the child's placement until September 15, 2001 and directed DSS to file a petition to terminate the mother's parental rights. These appeals ensued.

With regard to the mother's appeal from Family Court's order in proceeding No. 2 extending the child's placement until September 15, 2001, that order expired by its own terms on that date and, inasmuch as a proceeding to terminate the mother's parental rights was commenced during the pendency of this appeal, we may presume that a subsequent extension of placement was granted. Accordingly, any ruling by this Court as to the propriety of the particular extension of placement order at issue here would have no practical effect, and the appeal from such order is dismissed as moot (*see, Matter of Trebor UU.*, 287 AD2d 830; *Matter of Miguel HH.*, 285 AD2d 692). Were we to reach the merits of this appeal, we would find that Family Court's decision to extend the child's placement was in all respects proper.

As to the mother's application in proceeding No. 1 seeking custody of her child, regardless of whether such petition is viewed as one to modify a prior court order under Family Court Act § 1061 or one to terminate the child's placement under Family Court Act § 1062, the end result is the same. Although it is undisputed that the mother complied—at least superficially—with the directives that she undergo counseling and attend parenting classes, and she fully participated in all scheduled visitations with her son, the record nonetheless indicates that she was in no position to resume full and immediate custody of her child. At the time of the hearing conducted on the custody application, there had been only one unsupervised visit between the mother and the child, following which, the record reflects, the child's behavior deteriorated significantly. Neither the mother's therapist, the child's therapist nor the family educator working with the mother recommended that the child be returned to the mother at that time. Indeed, the mother's therapist testified that she would not recommend that the mother regain custody until there had been a sustained pattern of unsupervised visits which, at that point in time, she was not even willing to recommend. Under such circumstances, we cannot say that Family Court erred in denying the mother's application for custody.

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the order entered July 25, 2000 is affirmed, without costs. Ordered that the appeal from order entered January 2, 2001 is dismissed, as moot, without costs.