█ In the Matter of Nikita ZZ., a Child Alleged to be Neglected. William R. Moon, as Commissioner of Social Services of Delaware County, Respondent; Victoria ZZ., Appellant. [761 NYS2d 550] —Carpinello, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered June 11, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to extend the placement of respondent's child.

In February 2001, Family Court adjudicated respondent's daughter, Nikita (born in 1986), to be neglected within the meaning of Family Ct Act § 1012 (f). Respondent subsequently consented to an order of placement under which Nikita would remain in foster care in petitioner's custody for a period of one year, ending in February 2002. The circumstances giving rise to the placement concerned Nikita's sexual relationship with a man, who was approximately five years her senior, and respondent's inability or failure to protect her daughter from having contact with him.

In late August 2001, Nikita was returned to respondent's home for a period of extended visitation as provided for in the order of placement. During that time, respondent left Nikita in the care of her ex-brother-in-law while she went on a fishing trip, with the result that Nikita had sexual intercourse with this same man and became pregnant. Nikita continued to have contact with him on subsequent occasions and he came to respondent's home at least once. Based in part upon these events, petitioner applied to extend the order of placement for an additional year, ending in February 2003. Following a fact-finding hearing, Family Court granted petitioner's application and this appeal ensued.

Initially, we note that the order extending placement from which respondent appeals has now expired and a subsequent order has been rendered extending Nikita's placement with petitioner for a period ending on September 18, 2003. Thus, "any ruling by this Court as to the propriety of the particular extension of placement order at issue here would have no practical effect, and the appeal from such order is dismissed as moot" (*Matter of Catherine MM. v Ulster County Dept. of Social Servs.*, 293 AD2d 778, 779 [2002]; *see Matter of Trebor UU.*, 287 AD2d 830, 830 [2001]). Although the Law Guardian claims that the appeal is not moot because the time to appeal the subsequent order has not yet expired, this has no impact on the order appealed from which, by its terms, has expired. In any event, even if the appeal were not rendered moot, we would find it to be without merit since, under the circumstances presented, Nikita's continued placement with petitioner was in her best interest (*see* Family Ct Act § 1055 [b] [iv] [B]; *Matter of William GG.*, 233 AD2d 702, 704 [1996]).

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.