◼ In the Matter of JOHN I., a Neglected Child. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LISA J., Appellant. [775 NYS2d 602]—

Peters, J. Appeal from an order of the Family Court of St. Lawrence County (Rogers, J.), entered August 30, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to extend the placement of respondent's child.

In 1998, Family Court (Nelson, J.) found respondent's children, John (born in 1991) and Donnie (born in 1994), to be neglected; they were placed in the care and custody of petitioner. At a hearing held in 2002, both respondent and the children's biological father consented to John's continued placement in foster care. Family Court determined that John's placement was appropriate and extended it until July 12, 2003. Respondent appeals.

Since the order appealed from has expired (*see Matter of Nikita ZZ.*, 307 AD2d 415, 416 [2003]; *Matter of Catherine MM. v Ulster County Dept. of Social Servs.*, 293 AD2d 778, 779 [2002]) and no appeal had been taken from the subsequent order which further extended John's placement (*see Matter of Trebor UU.*, 287 AD2d 830, 830 [2001]), the appeal is moot (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]). Had we not found the appeal moot, it would nonetheless be dismissed because no appeal lies from an order entered on consent (*see*

*Matter of Forbus v Stolfi,* 300 AD2d 852, 852 [2002], *lv denied* 99 NY2d 642 [2003]; *Matter of Amanda PP.,* 260 AD2d 951, 952 [1999]).

Furthermore, even if we were to review respondent's contention that she was denied the effective assistance of counsel, we would find it without merit. While the right to counsel, in a proceeding of this type, is guaranteed by statute (*see* Family Ct Act § 262 [a] [i]), to determine whether an individual has received effective assistance, "the evidence, . . . law, and the circumstances of a particular case, [must be] viewed in totality and as of the time of the representation" (*People v Baldi,* 54 NY2d 137, 147 [1981]; *see Matter of Matthew C.,* 227 AD2d 679, 682 [1996]). Counsel here vigorously advocated on respondent's behalf by cross-examining witnesses and rebutting the information set forth by petitioner. Counsel also proffered all available evidence demonstrating respondent's attempts to improve her parenting skills by actively participating in the service plan devised by petitioner. Although respondent further contends that counsel should have objected to John's continued placement in foster care, she failed to demonstrate how this alleged deficiency would have produced a different outcome.

Crew III, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.