■ In the Matter of BRADLEY J., a Person Alleged to be in Need of Supervision, Appellant. FRANKLIN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [804 NYS2d 829]—Cardona, P.J. Appeal from an order of the Family Court of Franklin County (Cortese, J.), entered October 22, 2004, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to extend respondent's placement.

Respondent was adjudicated a person in need of supervision pursuant to Family Ct Act article 7 and placed in petitioner's custody for a period of 12 months commencing in September 2001. The placement was twice extended for 12-month periods. Shortly before the expiration of the second extension, petitioner commenced this proceeding seeking an additional 12-month extension and approval of a permanency plan. Following a hearing, Family Court granted the petition, subject to a six-month review of respondent's progress. At that time, respondent appealed. Subsequently, on August 5, 2005, an order on consent was entered, which approved the parties' agreement to extend respondent's placement with petitioner until June 2006.

Initially, we note that respondent does not challenge his adjudication as a person in need of supervision but, rather, appeals from Family Court's October 2004 order extending his placement with petitioner. As such, the August 2005 order on consent, which supercedes the order at issue, renders the instant

appeal moot (see *Matter of Carella v Ferrara*, 9 AD3d 605, 605 [2004]; *Matter of Nikita ZZ.*, 307 AD2d 415, 416 [2003]; *Matter of Catherine MM. v Ulster County Dept. of Social Servs.*, 293 AD2d 778, 779 [2002]). While respondent does not address the issue, our review of the record does not reveal any exception to the mootness doctrine.

Mercure, Crew III, Carpinello and Rose, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.