■ In the Matter of JOLYSSA EE., a Child Alleged to be Neglected. WASHINGTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARIE EE., Appellant. [812 NYS2d 188]—Peters, J.

Appeal from an order of the Family Court of Washington County (Berke, J.), entered December 22, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to extend the placement of respondent's child.

Respondent's child (born in 2000) was voluntarily removed from her care and placed in foster care in December 2003 due to, among other things, incidents of domestic abuse between respondent and her boyfriend which were witnessed by the child. In April 2004, the child was adjudicated to be neglected and placed in the custody of petitioner. During that one-year placement, respondent was ordered to receive mental health counseling, participate in a domestic violence prevention program, maintain a safe and stable living environment, cooperate with her mental health providers, and abide by an order of protection prohibiting contact between her boyfriend and the child. In September 2004, respondent sought a termination of placement and, in October 2004, petitioner filed for an extension of placement. After a hearing, Family Court determined that the child's placement would be extended for one year, expiring in December 2005; a separate order was issued dismissing respondent's application and she appeals solely from the extension order.

Since the order from which respondent appeals expired in December 2005, and there has been a subsequent extension order which has not been appealed, this appeal is moot (*see Matter of Thomas JJ.*, 14 AD3d 953, 954 [2005]; *Matter of Nikita ZZ.*, 307 AD2d 415, 416 [2003]; *Matter of Joseph M.*, 306 AD2d 612, 612 [2003]).*

Finally, we note that the petition seeking the extension of placement was timely and, although respondent correctly contended that petitioner's answer to her petition was untimely, the record reflects that petitioner's request for permission to cure that defect was granted by Family Court.

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

---

* Respondent's failure to timely perfect this appeal prevents our substantive review of this order. Had we considered the merits, we would have found the extension proper. Reasonable efforts were made to assist respondent to comply with the permanency plan (*see* Family Ct Act § 355.3 [4] [i]; *Matter of Martin E.*, 23 AD3d 959, 960 [2005]) as reflected by the numerous practical, preventive and counseling services provided to both respondent and the child (*see Matter of Shane I.*, 300 AD2d 709, 710 [2002]). Moreover, giving due deference to Family Court's credibility determinations and acknowledging the testimony of the caseworker, the child's foster care mother and respondent's own testimony, the extension of placement was properly supported and in the child's best interests (*see Matter of Martin E., supra* at 960).