■ In the Matter of AMBER S., an Infant. DAVID S., Appellant; ALLEGANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [817 NYS2d 797]—

Appeal from an order of the Family Court, Allegany County

(Thomas P. Brown, J.), entered June 1, 2005 in a proceeding pursuant to Family Court Act § 1062. The order dismissed the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the petition is reinstated and the matter is remitted to Family Court, Allegany County, for a hearing on the petition.

Memorandum: Amber S. was born in 1998 and was nine months old when her parents ended their relationship. Petitioner father moved to Wisconsin at that time, and he currently resides there. In March 2003 Amber was removed from her mother's home and was thereafter adjudicated to have been neglected by her mother. It is undisputed that petitioner was not provided with notice of the neglect proceeding and did not participate in that proceeding. Amber was placed in respondent's custody in December 2003, and in March 2004 respondent sought to extend Amber's placement and provided petitioner with notice that it was seeking an extension of placement. Petitioner appeared and consented to the extension of placement, and the order of placement was extended in May 2004.

At a court appearance on May 3, 2004, however, petitioner made an oral application for custody of Amber. The court ordered that a home study be conducted and that petitioner take a parenting class. The record establishes that petitioner completed the class by August 11, 2004, and that the home study was conducted on September 28, 2004. In December 2004 petitioner filed the instant petition seeking to terminate Amber's placement with respondent. He alleged in his petition that he had orally applied for custody, that the application had not been granted within 30 days, and that Amber should be returned to him because he was a fit parent and had complied with the court's directives concerning the home study and the parenting class. Respondent opposed the petition.

We agree with petitioner and the Law Guardian that Family Court erred in dismissing the petition without a hearing. "Due process requires that petitioner at least be afforded an opportunity to put respondent to its proof, and to challenge its purported justification for refusing to relinquish custody . . ., before being deprived of his fundamental right to raise his [daughter]. Inasmuch as he was not a party to the original neglect proceeding, through no fault of his own . . ., it was improper to deny him a hearing at this juncture" (*Matter of Shane OO.*, 228 AD2d 805, 806-807 [1996]). Petitioner's "status as the child's biological parent, and the fact that there has been no finding of neglect, abandonment, unfitness or other extraor-

dinary circumstances that could justify respondent's continuing interference with his parental rights, lends force to his argument [that the court erred in dismissing the petition without a hearing]" (*id.* at 806; *see also Matter of Alex LL. v Albany County Dept. of Social Servs.*, 270 AD2d 523, 526-527 [2000]; *cf. Matter of Frederick MM.*, 201 AD2d 842 [1994], *lv denied* 83 NY2d 760 [1994]). We therefore reverse the order, reinstate the petition and remit the matter to Family Court for a hearing on the petition. Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Pine, JJ.