■ In the Matter of GIOVANNI K. and Others, Infants. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAWN K., Appellant. (Appeal No. 1.) [878 NYS2d 846]—

Appeal from an order of the Family Court, Oneida County (Randal B. Caldwell, J.), entered May 4, 2007 in a proceeding pursuant to Social Services Law § 384-b. The order, insofar as appealed from, terminated the parental rights of respondent with respect to Tiffany K. and suspended judgment with respect to Giovanni K.

It is hereby ordered that said appeal from the order insofar as it concerned Giovanni K. is unanimously dismissed and the order is otherwise affirmed without costs.

Memorandum: In appeal No. 1, respondent mother appeals from an order terminating her parental rights with respect to her daughter, Tiffany K., and suspending judgment with respect to her son Giovanni K., who were found to be neglected children. Although the mother also purports to challenge the termination of her parental rights with respect to a second son, this Court previously dismissed the appeal insofar as it concerned him by order dated December 2, 2008 based on the fact that he attained the age of 18 (*see generally Matter of Anthony M.*, 56 AD3d 1124 [2008], *lv denied* 12 NY3d 702 [2009]). In addition, the mother's appeals from the order in appeal No. 1 insofar as it concerned Giovanni and from the order in appeal No. 2 must be dismissed as moot. With respect to appeal No. 1, we take judicial notice of the fact that Family Court has since revoked the suspended judgment and terminated the mother's parental rights with respect to Giovanni (*see generally Matter of Khatibi v Weill*, 8 AD3d 485 [2004]), and that order thus supersedes the order in appeal No. 1 (*see generally Matter of Bradley J.*, 23 AD3d 799 [2005]; *Matter of Melody B.*, 234 AD2d 1005 [1996], *lv dismissed* 90 NY2d 888 [1997]). With respect to appeal No. 2, the mother contends that the court abused its discretion in denying her motion pursuant to Family Court Act § 255 to transfer supervision of the case with respect to Giovanni to another county. That appeal also is moot and must be dismissed based on the termination of the mother's parental rights with respect to him.

The remaining contention of the mother in appeal No. 1 is that the court erred in finding that Tiffany is a permanently neglected child and in terminating the mother's parental rights with respect to her. We reject that contention. Petitioner met its burden of establishing by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the mother and Tiffany by providing "services and other assistance aimed at ameliorating or resolving the problems preventing [the child's] return to [the mother's] care" (*Matter of Kayte M.*, 201 AD2d 835, 835 [1994], *lv denied* 83 NY2d 757 [1994]; *see* Social Services Law § 384-b [7] [a]; *Matter of Ja-Nathan F.*, 309 AD2d 1152 [2003]), and that the mother failed substantially and continuously to plan for the future of the child although physically and financially able to do so (*see* Social Services Law § 384-b [7] [a]). Although the mother participated in the services offered by petitioner, she did not successfully address or gain insight into the problems that led to the removal of the child and continued to prevent the child's safe return (*see Matter of Nathaniel T.*, 67 NY2d 838, 840-842 [1986]; *Matter of Ja-Nathan F.*, 309 AD2d 1152 [2003]; *Matter of Rebecca D.*, 222 AD2d 1092 [1995]).

Finally, the mother contends in appeal No. 3 that the court erred in finding that petitioner made reasonable efforts to reunite the family in connection with a permanency hearing conducted in January 2007. Appeal No. 3 also must be dismissed as moot, both because the order issued following that hearing has expired by its own terms (*see Matter of Sasha M.*, 43 AD3d 1401 [2007]), and because the order was superseded by an order entered in August 2008 following a permanency hearing, from which the mother did not take an appeal (*see Matter of Jolyssa EE.*, 28 AD3d 824 [2006]). Present—Smith, J.P., Centra, Fahey, Green and Pine, JJ.