■ In the Matter of OWEN AA., a Child Alleged to be Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANGELA AA., Appellant. [882 NYS2d 568]—

Stein, J. Appeal from an order of the Family Court of Cortland County (Ames, J.), entered October 10, 2008, which, in a proceeding pursuant to Family Ct Act article 10, denied respondent's motion to terminate placement of the subject child.

Respondent is the mother of a child (born in 2008) who was removed from her care by petitioner within days of his birth. In April 2008, respondent consented to a finding that she had neglected the child and to his continued placement with petitioner. At a subsequent permanency hearing, Family Court again continued the child's placement, as well as the order placing respondent under the supervision of petitioner and mandating compliance with certain enumerated conditions. Thereafter, in July 2008, following the denial of her request that the child be returned to her, respondent moved by order to show cause to terminate the child's placement, contending that she had complied with or completed all of the conditions imposed by

Family Court. At the conclusion of a hearing held over two days in September 2008, Family Court denied respondent's motion. Respondent now appeals and we affirm.

Respondent's sole argument on appeal is that, since she successfully complied with all of the conditions imposed upon her pursuant to the permanency order, Family Court should have terminated the child's placement. A motion pursuant to Family Ct Act § 1062 must be denied if, following a hearing, it is determined that continued placement serves the purposes of Family Ct Act article 10—namely, "to help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being" (Family Ct Act § 1011; see Family Ct Act § 1065 [a]; *Matter of Frederick MM.*, 201 AD2d 842, 843 [1994], *lv denied* 83 NY2d 760 [1994]). Termination of a child's placement pursuant to Family Ct Act § 1062 is not contingent upon nor compelled by the simple completion of a checklist (*see Matter of Catherine MM. v Ulster County Dept. of Social Servs.*, 293 AD2d 778, 779 [2002]). Instead, the physical, mental and emotional well-being of the child is the paramount concern and the parent must establish that the return of the child protects these interests (*see* Family Ct Act § 1065 [a]; *Matter of Frederick MM.*, 201 AD2d at 843). The determination whether to terminate or continue placement rests within Family Court's discretion and should not be disturbed absent an abuse thereof (*see* Family Ct Act § 1065; *Matter of Frederick MM.*, 201 AD2d at 843).

Here, the unrefuted testimony established that respondent has substantially complied with or completed all of the directives contained within Family Court's prior permanency order and that she has sought out and obtained services beyond those mandated by Family Court with an eye toward improving her parenting and other skills in order to have her son returned to her. Indeed, respondent's achievements were largely conceded by petitioner at the hearing. Nevertheless, other evidence militated against terminating the child's placement. Respondent had yet to have an unsupervised visit with her son and respondent's parent educator testified that she still required direction to properly address the child's basic needs. Furthermore, many of the positive developments in respondent's life that would support a return of the child to her were too recent in time to be relied upon. For example, although respondent had an apartment at the time of the hearing, she had been evicted from her previous apartment and was homeless for a period of time only a few months earlier. Similarly, while respondent had begun a full-time job the week before the hearing, she

had been fired from her previous two jobs within months of their commencement. Additionally, as noted by Family Court, there was evidence of other circumstances that raised concerns regarding the adequacy of respondent's resources and parenting skills should her son's placement be terminated, particularly in view of her limited cognitive abilities and lack of familial support.

According due deference to Family Court's findings of fact—which are amply supported by the record—we cannot conclude that Family Court abused its discretion in determining that, under the circumstances existing at the time of the hearing, termination of the child's placement would 'not best safeguard his physical, mental and emotional well-being. Therefore, we decline to disturb the determination to continue the child's placement (*see Matter of Frederick MM.*, 201 AD2d at 843).

Cardona, P.J., Mercure, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.