■ In the Matter of LATISHA C. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; WANDA C. et al., Respondents. (Proceeding No. 1.) In the Matter of TASHEEM C. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; WANDA C. et al., Respondents. (Proceeding No. 2.) In the Matter of JANAYSHA W. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WANDA C., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of JUSTICE C. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WANDA C., Appellant, et al., Respondent. (Proceeding No. 4.) In the Matter of JUSTINE C. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WANDA C., Appellant, et al., Respondent. (Proceeding No. 5.) In the Matter of JEREMIAH C. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WANDA C., Appellant, et al., Respondent. (Proceeding No. 6.) [956 NYS2d 194]—

The subject children were removed from the custody of the mother and placed in the custody of the Suffolk County Department of Social Services (hereinafter the DSS) pursuant to a finding of neglect. Three of the children were placed in a kinship foster home with their paternal uncle and his wife and the youngest child was placed in a nonkinship foster home. The mother originally moved to terminate placement of these four children with the DSS and to have them returned to her custody. However, the mother later modified her request to seek only the immediate return of the youngest child, Janaysha W., who was taken from the mother as a newborn, and petitioned for unsupervised and/or therapeutic visitation with the subject children. The mother also separately moved, inter alia, to vacate all prior orders of custody and placement as they relate to Janaysha W. on the ground that the mother is a member of the Unkechaug Nation, which required the DSS to notify the Unkechaug Nation prior to the removal of the children in compliance with the Indian Child Welfare Act (25 USC § 1901 *et seq.* [hereinafter the ICWA]). The DSS failed to notify the Unkechaug Nation or to comply with further mandates of the ICWA when the children were originally removed from the mother's custody.

After a hearing to review, inter alia, the placement determination made with respect to Janaysha W. in accordance with the ICWA and to determine the mother's motion to terminate the

placement of Janaysha W. in the custody of the DSS, the Family Court determined, among other things, that the placement of Janaysha W. was in compliance with the ICWA and denied the mother's motion, inter alia, to terminate the placement of Januaysha W. in the custody of the DSS.

"A motion pursuant to Family Ct Act § 1062 must be denied if, following a hearing, it is determined that continued placement serves the purposes of Family Ct Act article 10—namely, 'to help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being' " (*Matter of Owen AA.*, 64 AD3d 953, 954 [2009], quoting Family Ct Act § 1011; *see* Family Ct Act § 1065). "Termination of a child's placement pursuant to Family Ct Act § 1062 is not contingent upon nor compelled by the simple completion of a checklist" (*Matter of Owen AA.*, 64 AD3d at 954; *see Matter of Catherine MM. v Ulster County Dept. of Social Servs.*, 293 AD2d 778 [2002]). "Instead, the physical, mental and emotional well-being of the child is the paramount concern and the parent must establish that the return of the child protects these interests" (*Matter of Owen AA.*, 64 AD3d at 954; *see* Family Ct Act § 1065 [a]; *see also Matter of Matthew Donald R.*, 60 AD3d 768 [2009]; *Matter of Frederick MM.*, 201 AD2d 842 [1994]). The determination whether to terminate or continue placement rests within the discretion of the Family Court and should not be disturbed absent an improvident exercise of discretion (*see Matter of Owen AA.*, 64 AD3d at 953).

That branch of the mother's motion which was pursuant to Family Court Act § 1062, to terminate the placement of the child Janaysha W. in the custody of the DSS, was properly denied in light of the Family Court's prior finding, upon the mother's admission, that she had neglected Janaysha W. (*see Matter of Matthew Donald R.*, 60 AD3d at 768), and the mother's failure to demonstrate that termination of the placement of Janaysha W. in the custody of the DSS was in the child's best interests. Furthermore, contrary to the mother's contention, the initial failure by the DSS to comply with the mandates of the ICWA does not warrant the return of Janaysha W. to her custody (*see Matter of McLean v Bell*, 35 AD3d 744 [2006]).

"[T]he determination of visitation is within the sound discretion of the hearing court based upon the best interests of the child, and its determination will not be set aside unless it lacks a substantial basis in the record" (*Matter of Cardona v Vantassel*, 96 AD3d 1052, 1052 [2012] [internal quotation marks omitted]). The Family Court did not improvidently exercise its discretion in denying the mother's petition for unsupervised and/or

therapeutic visitation with the subject children. Dillon, J.P., Balkin, Chambers and Miller, JJ., concur.