# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1190**
**CAF 14-02243**
PRESENT: CENTRA, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF EMILY W., EVAN W. AND
KAYLEE W.

---------------------------------------------

ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,          MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

MICHAEL S., RESPONDENT,
AND REBECCA S., RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

LAUREN CREIGHTON, BUFFALO, FOR PETITIONER-RESPONDENT.

AYOKA A. TUCKER, ATTORNEY FOR THE CHILDREN, BUFFALO.

---

Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered November 17, 2014. The order denied the motion of respondent Rebecca S. for an order requiring petitioner to return the subject children to her.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from four orders concerning the five subject children entered in proceedings pursuant to Family Court Act article 10-A. In appeal No. 1, the mother appeals from an order, entered after an evidentiary hearing, in which Family Court denied without prejudice her motion seeking the return to her custody of three of the children, i.e., Emily W., Evan W., and Kaylee W. In appeal No. 2, the mother appeals, as limited by her brief, from so much of an order, entered after a hearing, in which the court extended placement of Kaylee W. with her biological father, a nonparty. In appeal Nos. 3 and 4, the mother appeals, as limited by her brief, from so much of each order, entered after a hearing, in which the court extended the placement of Ava W. and Michael S., Jr. We affirm the order in each appeal.

As an initial matter, we agree with the mother that her appeals are not moot. In denying the mother's motion to terminate placement or in extending placement, the court made a new finding in each appeal that the mother had failed to remedy the issues that had led to the initial finding of neglect, and we conclude that the new finding in each appeal may have enduring consequences for the parties (*see Matter*

*of Donegan v Torres*, 126 AD3d 1357, 1358, *lv denied* 26 NY3d 905). Thus, the mother's appeals from the orders in appeal Nos. 1 through 4 are not moot.

Contrary to petitioner's contentions in appeal No. 2 with respect to Kaylee W., there is no indication in the record that the mother consented to the subsequent Family Court Act article 6 custody order. Contrary to the contention of the Attorneys for the Children in appeal Nos. 2 through 4, whether the order of fact-finding and disposition has expired is immaterial inasmuch as the permanency hearing orders on appeal have superseded that order (*see Matter of Jacelyn TT. [Tonia TT.-Carlton TT.]*, 80 AD3d 1119, 1120; *Matter of Destiny HH.*, 63 AD3d 1230, 1231, *lv denied* 13 NY3d 706).

Turning to the merits, with respect to appeal No. 1, a motion to terminate a placement "must be denied if, following a hearing, it is determined that continued placement serves the purposes of Family [Court] Act article 10 - namely, 'to help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being' " (*Matter of Owen AA.*, 64 AD3d 953, 954, quoting § 1011; *see* § 1065 [a]).  We conclude that the mother failed to carry her burden of proving that it would be in her children's best interests to return them to her custody.  The mother has maintained regular contact with the respondent father of Michael S., Jr. (hereafter, father), and it appears from the record that such contact has only reinforced and continued the tumultuous relationship that gave rise to the domestic violence underlying the neglect proceeding. Furthermore, the mother has prolonged the relationship with the father even though one of her children now seeks counseling owing to the emotional trauma it caused, and in spite of the father's failure to complete any of the items on his plan for services.  "[A]lthough [the mother has] completed certain counseling and parenting services, the record establishes that no progress has been made to overcome the specific problems which led to the removal of the child[ren]" (*Matter of Carson W. [Jamie G.]*, 128 AD3d 1501, 1501, *lv dismissed* 26 NY3d 976 [internal quotation marks omitted]; *see also Owen AA.*, 64 AD3d at 954-955).  Thus, "we find no basis to disturb [the court]'s conclusion that the child[ren]'s best interests warrant [their] continued placement" (*Matter of Kasja YY. [Karin B.]*, 69 AD3d 1258, 1259, *lv denied* 14 NY3d 711).  We have considered the mother's remaining contentions in appeal No. 1 and conclude that they are without merit.

Similarly, with respect to appeal Nos. 2 through 4, we reject the mother's contention that the court abused its discretion in extending placement for Kaylee W., Ava W., and Michael S., Jr.  "In order to establish the need for continued placement, the agency must establish both that such continued placement is in the child's best interests and that the parents are presently unable to care for the child" (*Matter of Vanessa Z.*, 307 AD2d 755, 755).  Here, petitioner established at the hearing that the mother's regular interactions with the father indicate that her completion of domestic violence training was a formality that did not result in any meaningful change to her lifestyle (*see Matter of Catherine MM. v Ulster County Dept. of Social Servs.*, 293 AD2d 778, 779).  Indeed, the mother admitted to having

consented to the modification of an order of protection in her favor and against the father so that they could "be together" (*cf. Matter of Sunshine A.Y.*, 88 AD2d 662, 662).  "The fact that [the mother] presented conflicting evidence to the court does not require a different result" (*Matter of Kerensa D.* [appeal No. 2], 278 AD2d 878, 879, *lv denied* 96 NY2d 707).  We accord great weight and deference to the court's determinations, "including its drawing of inferences and assessment of credibility," and we will not disturb those determinations where, as here, they are supported by the record (*Matter of Shaylee R.*, 13 AD3d 1106, 1106).

Entered:  May 5, 2017                      Frances E. Cafarell
                                          Clerk of the Court