Matter of Jayveon S. (Alexandra C.) (2018 NY Slip Op 00971)





Matter of Jayveon S. (Alexandra C.)


2018 NY Slip Op 00971


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


79 CAF 16-01282

[*1]IN THE MATTER OF JAYVEON S. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; ALEXANDRA C., RESPONDENT, AND TIMOTHY S., RESPONDENT-APPELLANT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (MAGGIE SEIKALY OF COUNSEL), FOR PETITIONER-RESPONDENT. 
PETER J. DIGIORGIO, JR., ATTORNEY FOR THE CHILD, UTICA. 


 Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered July 12, 2016 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondents with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent father appeals from an order that, inter alia, terminated his parental rights pursuant to Social Services Law § 384-b on the ground of permanent neglect. We reject the father's contention that Family Court improperly admitted hearsay evidence at the fact-finding hearing when it received a written psychological report recommending that mental health treatment be part of the father's service plan. The report was not offered for the truth of the matters asserted therein (see generally Matter of Christopher II., 222 AD2d 900, 902 [3d Dept 1995], lv denied 87 NY2d 812 [1996]). Rather, it was offered, and was properly admitted, for the limited purpose of establishing the good-faith basis for petitioner's service plan for the father (see Matter of Michael JJ. [Gerald JJ.], 101 AD3d 1288, 1291 [3d Dept 2012], lv denied 20 NY3d 860 [2013]).
Contrary to the father's further contention, we conclude that petitioner met its burden of establishing "by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the [father] and [the child] by providing services and other assistance aimed at ameliorating or resolving the problems preventing [the child's] return to [the father's] care' . . . , and that the [father] failed substantially and continuously to plan for the future of the child although physically and financially able to do so . . . Although the [father] participated in the services offered by petitioner, [he] did not successfully address or gain insight into the problems that led to the removal of the child and continued to prevent the child's safe return" (Matter of Giovanni K., 62 AD3d 1242, 1243 [4th Dept 2009], lv denied 12 NY3d 715 [2009]; see Social Services Law § 384-b [7] [a]). We reject the father's contention that the court erred in denying his request for a suspended judgment (see Matter of Makayla S. [David S.—Alecia P.], 118 AD3d 1312, 1312 [4th Dept 2014], lv denied 24 NY3d 904 [2014]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court