Matter of Michael S. (Kathryne T.) (2018 NY Slip Op 04480)





Matter of Michael S. (Kathryne T.)


2018 NY Slip Op 04480


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


737 CAF 16-00308

[*1]IN THE MATTER OF MICHAEL S. AND GABRIEL S. CHAUTAUQUA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, PETITIONER-RESPONDENT; KATHRYNE T., RESPONDENT-APPELLANT, AND TIMOTHY S., RESPONDENT. (APPEAL NO. 1.)






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-APPELLANT.
REBECCA L. DAVISON-MARCH, MAYVILLE, FOR PETITIONER-RESPONDENT. 
MARY S. HAJDU, LAKEWOOD, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered February 4, 2016 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, determined that respondents had permanently neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, respondent mother appeals from an order determining that the subject children are permanently neglected. With the consent of the parties, Family Court suspended judgment. In appeal No. 2, the mother appeals from an order revoking the suspended judgment and terminating her parental rights with respect to the children. We affirm in each appeal.
Contrary to the mother's contention in appeal No. 1, "[p]etitioner met its burden of establishing by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the mother and [the children] by providing services and other assistance aimed at ameliorating or resolving the problems preventing [the children's] return to [the mother's] care' . . . , and that the mother failed substantially and continuously to plan for the future of the child[ren] although physically and financially able to do so . . . Although the mother participated in [some of] the services offered by petitioner, she did not successfully address or gain insight into the problems that led to the removal of the child[ren] and continued to prevent the child[ren's] safe return" (Matter of Giovanni K., 62 AD3d 1242, 1243 [4th Dept 2009], lv denied 12 NY3d 715 [2009]; see Social Services Law § 384-b [7] [a]; Matter of Michael S. [Timothy S.]., 159 AD3d 1378, 1379 [4th Dept 2018]; Matter of Kendalle K. [Corin K.]., 144 AD3d 1670, 1671-1672 [4th Dept 2016]).
With respect to appeal No. 2, "it is well settled that, [i]f [petitioner] establishes by a preponderance of the evidence that there has been noncompliance with any of the terms of the suspended judgment, the court may revoke the suspended judgment and terminate parental rights" (Matter of Savanna G. [Danyelle M.], 118 AD3d 1482, 1483 [4th Dept 2014] [internal quotation marks omitted]). Contrary to the mother's contention, the court properly determined that she failed to comply with the terms of the suspended judgment and that it is in the children's best interests to terminate her parental rights (see Michael S., 159 AD3d at 1379-1380).
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court