Matter of Kayla V. (Craig V.) (2019 NY Slip Op 06947)





Matter of Kayla V. (Craig V.)


2019 NY Slip Op 06947


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND TROUTMAN, JJ.


891 CAF 18-00532

[*1]IN THE MATTER OF KAYLA. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; CRAIG V., RESPONDENT-APPELLANT.






PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT.
JOHN A. HERBOWY, UTICA, FOR PETITIONER-RESPONDENT.
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered February 14, 2018 in a proceeding pursuant to Family Court Act article 10. The order determined that respondent had neglected the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order that adjudicated his child to be neglected. We affirm. A neglected child is defined as, among other things, a child less than 18 years of age "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]). As the Court of Appeals has explained, "[t]he statute . . . imposes two requirements for a finding of neglect, which must be established by a preponderance of the evidence . . . . First, there must be proof of actual (or imminent danger of) physical, emotional or mental impairment to the child . . . . Second, any impairment, actual or imminent, must be a consequence of the parent's failure to exercise a minimum degree of parental care . . . . This is an objective test that asks whether a reasonable and prudent parent [would] have so acted, or failed to act, under the circumstances" (Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011] [internal quotation marks omitted]).
Here, we conclude that there is a sound and substantial basis in the record supporting Family Court's determination that petitioner met its burden of establishing that the child was neglected (see generally Matter of Sean P. [Brandy P.], 156 AD3d 1339, 1339-1340 [4th Dept 2017], lv denied 31 NY3d 903 [2018]). The evidence adduced by petitioner established that the father engaged in conduct that included sleeping in the same bed as the child, lying on top of her, and moving up and down on top of her. Petitioner's witnesses also testified that the father placed his genitals against the child's buttocks. Contrary to the father's contention, in this neglect proceeding, petitioner was not required to prove that the father's actions were done for the purpose of sexual gratification (see generally Family Ct Act § 1012 [f] [i] [B]; Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). The court did not credit the father's testimony that he was merely hugging the child. "We accord great weight and deference to the court's determinations, including its drawing of inferences and assessment of credibility,' and we will not disturb those determinations where, as here, they are supported by the record" (Matter of Emily W. [Michael S.—Rebecca S.], 150 AD3d 1707, 1709 [4th Dept 2017]). Contrary to the father's further contention, petitioner established that the child was placed in actual or imminent danger of physical, emotional, or mental impairment by his conduct (see generally Nicholson, 3 NY3d at 369). The testimony of petitioner's witnesses showed that the child was clearly impacted by the [*2]father's conduct inasmuch as she told others that she did not like it, it made her uncomfortable, and she wanted it to stop.
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court