Matter of Eli KK. (Rebecca JJ.) (2023 NY Slip Op 03061)

Matter of Eli KK. (Rebecca JJ.)

2023 NY Slip Op 03061

Decided on June 8, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 8, 2023

535498
[*1]In the Matter of Eli KK., a Neglected Child. Greene County Department of Social Services, Respondent; Rebecca JJ., Appellant.

Calendar Date:April 25, 2023

Before:Garry, P.J., Egan Jr., Lynch, Fisher and McShan, JJ.

Constantina Hart, Kauneonga Lake, for appellant.
Greene County Department of Social Services, Catskill (Margot Cullen of counsel), for respondent.
Monica M. Kenny-Keff, Cairo, attorney for the child.

Garry, P.J.
Appeal from an order of the Family Court of Greene County (Charles M. Tailleur, J.), entered May 11, 2022, which, in a proceeding pursuant to Family Ct Act article 10, denied respondent's motion to terminate placement of the subject child.
Respondent (hereinafter the mother) is the mother of two children: one child (born in 2016) who is the subject of this proceeding and one child (born in 2020) who is the subject of another proceeding that is also presently before us (Matter of Wyatt II. [Rebecca JJ.], ___ AD3d ___ [3d Dept 2023] [decided herewith]). Both children were removed from the mother's care in March 2021, on her consent, and placed in the custody of petitioner, with the older child placed in a therapeutic setting to address suspected trauma. The mother later admitted to neglecting the children by permitting the father of the younger child to engage in excessive corporal punishment of the older child. In August 2021, Family Court continued the placement of the children and imposed specified conditions upon the mother.
In January 2022, the mother demanded that petitioner return the children. In her correspondence, she asserted that she had addressed the reasons for their removal and that petitioner was not making reasonable efforts toward reunification. In March 2022, petitioner conducted an unannounced home visit during the mother's visitation with the younger child and discovered marihuana and drug paraphernalia within reach of the younger child. The mother and the father of the younger child claimed joint ownership of these items. Following a verbal altercation in the presence of the younger child, both parents left the home, leaving the younger child with caseworkers. Petitioner then obtained a temporary order suspending contact between the mother and the younger child. Shortly thereafter, the mother moved, by order to show cause pursuant to Family Ct Act § 1062, to terminate the children's out-of-home placements, citing her January 2022 demand and petitioner's failure to respond thereto. Petitioner opposed, asserting that the alleged completion of services is an insufficient ground for such a motion and citing both the March 2022 incident and the fact that visitation with the older child had still not progressed from therapeutic visits.
Family Court made the mother's motion returnable for a date already scheduled to address the temporary order. On that hearing date, upon request of the mother's counsel, no testimony was taken. Instead, a stipulation was reached regarding the mother's ongoing visitation with the younger child and the additional services that she was required to engage in due to the March 2022 incident. The court adjourned the mother's motion to the date of an upcoming permanency hearing. On the day of the scheduled permanency hearing, the court addressed a discovery dispute related to petitioner's reunification efforts and scheduled a further date for a permanency hearing. Before the date of that hearing, the court [*2]issued an order summarily denying the mother's motion to terminate placement. The mother appeals, arguing that it was an abuse of discretion to deny her motion without a hearing.[FN1]
Family Ct Act § 1062 permits a child's parent, among others, to seek an order terminating the child's out-of-home placement. The paramount concern on such a motion is whether the present placement continues to serve the purpose of Family Ct Act article 10 (see Family Ct Act § 1065) — that is, "protect[ing] children from injury or mistreatment" and "help[ing to] safeguard their physical, mental, and emotional well-being" (Family Ct Act § 1011) — and the movant "must establish that the return of the child protects these interests" (Matter of Owen AA., 64 AD3d 953, 954 [3d Dept 2009]). Family Court is vested with the discretion to determine whether a hearing is necessary to resolve that question (see Family Ct Act § 1064; Matter of Myeenul E. [Mizanul E.], 160 AD3d 848, 850 [2d Dept 2018]; Matter of Carrie F. v David PP., 34 AD3d 1108, 1109 [3d Dept 2006]).
As grounds for the return of the children (see Family Ct Act § 1062 [c]), the mother asserted that she had completed or otherwise continued to successfully engage in all services required of her. Standing alone, this does not compel termination of the placement (see Matter of Latisha C. [Wanda C.], 101 AD3d 1113, 1115 [2d Dept 2012]; Matter of Owen AA., 64 AD3d at 954). Further, following the March 2022 incident, the mother was ordered to engage in additional services, upon her consent. It is also undisputed that the mother's visitation with each child was still required to be in a supervised setting. With respect to the younger child, the requirement of supervision was a recent regression. With respect to the older child, the mother acknowledged that certain of petitioner's concerns were not being adequately addressed by her then-current counselor, and a component of the subject stipulation was that she would be connected with a new provider. In light of the foregoing, and considering Family Court's familiarity with the parties and this neglect proceeding, we discern no abuse of discretion in the court's decision to deny the mother's motion without a hearing.
Egan Jr., Lynch, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: We reject the attorney for the child's argument that this appeal has been rendered moot by the mother's subsequent consent to the continued placement of the children, as the two subsequent orders provided to us do not reflect any such consent.