■ In the Matter of ADAM DD., a Child Alleged to be Neglected. WASHINGTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHARON DD., Appellant.—Mahoney, P. J. Appeal from an order of the Family Court of Washington County (Leary, J.), entered September 7, 1984, which continued custody of respondent's minor child with petitioner for a period of six months.

Petitioner brought a child neglect proceeding against respondent alleging that she had neglected her minor son. On June 21, 1984, Family Court issued a temporary order placing the child in petitioner's custody pending a full hearing. At a hearing held on July 13, 1984, it was determined that respondent had told her son on several occasions that she intended to kill herself. At the conclusion of the hearing, Family Court directed that custody be placed with petitioner on a temporary basis for two months. This temporary order was implemented by Family Court by an order of disposition dated July 13, 1984. Thereafter, at a second hearing held on August 29, 1984

and continued on September 7, two psychiatrists testified for petitioner and respondent testified in her own behalf. By order dated September 7, 1984, Family Court continued the custody of the minor with petitioner for six months. This appeal by respondent ensued.

Initially, we reject petitioner's contention that respondent cannot raise on this appeal the adjudication that respondent's son is a neglected child, since that determination was made in the dispositional order dated July 13, 1984 and not in the order dated September 7, 1984. Although the order dated July 13, 1984 was denominated as an order of disposition, it is clear that this characterization was improper. The record reveals that only two hearings preceded this initial order. The preliminary hearing held on June 21, 1984, which resulted in an order placing the child in petitioner's custody, was made to protect the child's interests pending a final order of disposition (*see,* Family Ct Act § 1027). It was not a fact-finding hearing. Therefore, the hearing held on July 13, 1984 cannot qualify as a dispositional hearing since a fact-finding hearing must precede a dispositional hearing (*see,* Family Ct Act § 1047 [a]). Accordingly, the hearing held on July 13, 1984 was the fact-finding hearing that preceded the dispositional hearing which resulted in the September 7, 1984 order, from which this appeal has been taken (*see, Matter of Debra VV.,* 52 AD2d 960, 961).

Turning to the merits, it is well established that a narrow set of circumstances exist where the State, acting as *parens patriae,* can intrude on the role of the natural parents, particularly where, as here, a child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent * * * to exercise a minimum degree of care" in providing for the needs of the child (Family Ct Act § 1012 [f] [i]; *see, Matter of Alfredo HH.,* 84 AD2d 860, 861). At the dispositional hearing conducted herein, Anthony Spellman, a psychiatrist, testified that respondent was suffering from a paranoid schizophrenia mental illness that was dangerous to the well-being of the infant. He recommended the continued placement of the minor child with petitioner. A second psychiatrist, John Myers, testified that he had examined the minor alone on two occasions and with respondent on two other instances. It was also his view that the best interest of the infant would be served if custody continued with petitioner. We, therefore, conclude that the record clearly afforded a basis for Family

Court to find neglect because of possible impairment of the child's emotional health.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.