■ In the Matter of Amber M., a Child Alleged to be Neglected. Broome County Department of Social Services, Respondent; Anita M., Appellant. [617 NYS2d 929] —Casey, J.

Appeals from two orders of the Family Court of Broome County (Ray, J.), entered March 11, 1993 and April 5, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be neglected.

Respondent's newborn child was found to be neglected because respondent's mental illness rendered her incapable of caring for the child, putting the child in imminent danger of becoming impaired (see, Family Ct Act § 1012 [f] [i]). Respondent's primary contention on this appeal is that the record lacks sufficient evidence of respondent's present inability to care for her child. We reject this contention.

Less than nine months prior to the birth of the child, in a proceeding involving another infant child, Family Court determined that respondent "presently and for the foreseeable future is unable, by reason of mental illness, to provide proper and adequate care for [her child]". The record reveals that respondent has an 18-year history of chronic schizophrenia with paranoid delusions and visual and auditory hallucinations, resulting in numerous institutionalizations, several unauthorized leaves from psychiatric centers and three suicide attempts. Respondent contends that she was free of symptoms and able to care for herself and plan for her child for at least several months prior to the child's birth. Respondent's treating physician, however, testified that the course of respondent's illness is erratic, with times that "she may be better or moderately functioning", but that there is no cure for respondent's disorder. Respondent was again hospitalized with symptoms of auditory hallucinations, delusional beliefs and fleeting suicidal ideas several months after the birth of the child who is the subject of this proceeding.

There is clear and convincing evidence in the record to establish that respondent suffers from a mental illness for which there is no cure. Although the symptoms of her illness fluctuate and can be alleviated by medication so that respondent can live outside an institutional setting with intensive case management, respondent is never completely free of residual symptoms and does not maintain constant medication, which leads to irrational and delusional thinking, auditory hallucinations and violent behavior, resulting in hospitalization. In short, respondent's mental illness renders her incapable of caring for herself for more than brief intervals, and then only with intensive case management.

Respondent also contends that the record lacks evidence of

any risk to the child, but the evidence of the history of respondent's illness and the prognosis described by respondent's treating physician clearly establish that respondent is incapable of exercising a minimum degree of care for her child. Family Court's factual findings are supported by the record and we see no basis to disturb its disposition, which placed custody of the child with petitioner and directed that respondent have visitation with the child as determined appropriate by petitioner.

Crew III, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the orders are affirmed, without costs.