■ In the Matter of CATHERINE K., a Child Alleged to be Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EFFIE K., Appellant. [638 NYS2d 245] —Mercure, J. P. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered January 12, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be neglected.

In July 1994, a petition was filed alleging respondent's neglect of her five-year-old daughter, Catherine. Following a hearing, Family Court made findings that (1) respondent maintains her home in an "unkempt and dirty condition", (2) Catherine still uses a pacifier and a baby bottle and rides in a baby stroller, (3) respondent has discontinued her medication prescribed for "either paranoid schizophrenia or anxiety" and displayed symptoms of mental illness, (4) over the preceding 16 years, respondent had been the subject of 13 indicated reports of inadequate guardianship, lack of shelter, lack of supervision, lack of a plan and unsanitary conditions (primarily with regard to Catherine's older sister), (5) Catherine's older sister was removed from respondent's care because of respondent's adjudicated neglect, and (6) before Catherine was removed from respondent's home in July 1994, respondent intended to school her at home, and when Catherine was enrolled in school

(subsequent to her removal from respondent's home), Catherine demonstrated academic impairment. On the basis of those findings, Family Court made an adjudication of neglect and continued Catherine's placement with petitioner. Respondent appeals, contending that the hearing evidence was insufficient to support Family Court's finding of neglect.

We affirm. There is no question that respondent suffers from paranoid schizophrenia and in July 1994 was not taking the medication that had been prescribed for that condition. The record clearly establishes that she experienced paranoid delusions, particularly the irrational fear that unknown individuals posed a sexual threat to Catherine. Respondent's established reaction to these delusions was to treat Catherine like a baby, bottle feeding her, letting her rely on a pacifier and transporting her in a baby carriage and, perhaps even more deleterious to Catherine's mental health, depriving her of contact with other children. The evidence also established that Catherine began kindergarten with markedly diminished cognitive and social skills and that she failed a speech screening and achieved a very low score in auditory memory and comprehension.

The report of respondent's examining psychologist (considered by Family Court in connection with the dispositional phase of the proceeding and properly before us in furtherance of our fact-finding power in this nonjury case), states that respondent's "paranoid delusions appear to have resulted in the social isolation of [Catherine] * * * [and that] until [respondent's paranoid schizophrenia] is adequately managed it should be considered that Catherine would be put at risk if she was in her mother's custody". Further, the report warns that in the event of respondent's continued custody, "there would very likely be developmental harm in Catherine's sense of self and her social learning * * * [that] could be reasonably expected to lead to emotional harm and disability to Catherine". Under the circumstances, and in view of respondent's long history of parenting difficulties, we conclude that petitioner satisfied its burden of establishing that Catherine's physical, mental or emotional condition was in imminent danger of becoming impaired due to respondent's mental condition (see, Family Ct Act § 1046 [b] [i]; § 1012 [f] [i]; *Matter of Madeline R.*, 214 AD2d 445, 446; *Matter of Amber M.*, 208 AD2d 1054, 1055-1056; *Matter of Adam DD.*, 112 AD2d 493, 494-495).

Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.