■ In the Matter of ANNA MARIE SS., a Child Alleged to be Neglected. MADISON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KAREN SS., Appellant. [760 NYS2d 782] —Lahtinen, J. Appeal from an order of the Family Court of Madison County (McDermott, J.), entered August 21, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

Respondent is the mother of a daughter born in May 2001. In October 2001, caseworkers from petitioner visited respondent's residence in response to a report to the Statewide Central Register of Child Abuse and Maltreatment expressing concern about respondent's mental health and her ability to care for the child. Because of apprehension arising from observations of respondent and the infant, as well as information provided by the police and respondent's parents, one of the caseworkers suggested, and respondent agreed, that a safety plan be implemented in which respondent and the infant would stay with a friend for the weekend. John Cappaletti agreed to permit respondent to stay with him, but he stated that respondent could not leave him alone with the child because he did not have the skills to care for a young baby. The caseworker expressly told respondent that she could not leave the child alone with Cappaletti. Once at Cappaletti's home, respondent began consuming alcoholic beverages and made a series of threatening phone calls. When Cappaletti attempted to stop her at about 3:00 A.M., she struck him with the phone and departed from the residence without the child. Left alone with the infant, Cappaletti contacted police, who in turn summoned caseworkers. After arriving at Cappaletti's residence on an emergency basis, caseworkers found the infant in a fully saturated diaper and discovered, in the diaper bag, an 8 to 10-inch meat cleaver and a trigger lock.

Petitioner commenced this child neglect proceeding alleging, among other things, that respondent's untreated mental illness prevented her from providing proper care to her daughter. Family Court ordered the temporary removal of the child from respondent's custody after hearing evidence that included reports from police that respondent had purchased a .22 caliber rifle and made threatening comments. The court further directed a psychiatric evaluation of respondent. Following a fact-finding hearing, Family Court determined, based on medi-

cal reports and respondent's numerous bizarre actions and statements in court, that respondent suffered from mental illness and that she was not receiving any treatment for her condition. The court further found that respondent's condition, together with a series of improper and potentially dangerous acts and omissions by respondent regarding her child, provided a preponderance of evidence supporting petitioner's contention that the child was a neglected child. Respondent failed to appear at the subsequent dispositional hearing, after which the court placed the child in the custody of respondent's brother and sister-in-law for 12 months, with respondent permitted supervised visitation. The court further directed respondent to, among other things, participate in a parenting class, obtain a substance abuse evaluation and have a mental health evaluation. Respondent appeals.

We affirm. While evidence of mental illness, alone, does not support a finding of neglect, such evidence may be part of a neglect determination when the proof further demonstrates that a respondent's condition creates an imminent risk of physical, mental or emotional harm to a child (*see Matter of Jesse DD.*, 223 AD2d 929, 930-931 [1996], *lv denied* 88 NY2d 803 [1996]; *see also Matter of Catherine K.*, 224 AD2d 880, 881 [1996]; *cf. Matter of Shelley Renea K.*, 79 AD2d 1073, 1073 [1981]). Here, the medical records of respondent and the reports of the two consultants, while not in total unanimity regarding the specifics of respondent's condition, nevertheless agreed that she suffered from mental illness. Her conduct in Family Court added to the concern about her mental condition. Examples of some of the numerous unresponsive and unusual comments respondent made during the court proceedings include allegations of police breaking into her apartment to watch her and of healthcare workers threatening her with guns. She was repeatedly disruptive to the point that Family Court had her removed from the courtroom. Family Court noted that she engaged in "rambling diatribes" and would giggle or laugh at times clearly inappropriate to the testimony she was giving. Respondent rejected suggestions for treatment by mental health providers. In addition, proof at the hearing established that she had made threatening comments and had purchased a rifle. She left the child without proper supervision and, on separate occasions, the child was observed by caseworkers receiving inadequate or inappropriate dietary and hygienic care. Based upon our review of the record, we conclude that Family Court properly determined that the evidence established an imminent risk of harm to the child and, thus, she was neglected.

Finally, contrary to respondent's contention, we find no error

in the dispositional phase of the proceeding, which respondent failed to attend. The remaining arguments, to the extent preserved for review, are without merit.

Spain, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.