■ In the Matter of JULIAN K. and Another, Children Alleged to be Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CATHERINE J., Appellant. (And Four Related Proceedings.) [803 NYS2d 312]—

Spain, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered December 8, 2004, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

Petitioner commenced this proceeding charging respondent with neglect of her children, Julian (born in 1988) and Jerrica (born in 1992). Following fact-finding and dispositional hearings, Family Court determined that respondent neglected the children and concluded—in a well-reasoned and detailed decision—that the children had suffered negative physical and emotional impacts as a result of their exposure to respondent's violent and destructive behavior. The court ordered sole legal custody of both children to Jerrica's biological father (also stepfather to Julian [hereinafter the father]), with visitation access to respondent, and directed respondent to continue with counseling and to take all prescribed medications. On respondent's appeal, we affirm.

Respondent argues that Family Court's reliance, in part, on two incidents which had been the subject of a prior neglect petition (*Matter of Jerrica J.*, 2 AD3d 1161 [2003]) was precluded by principles of collateral estoppel. We need not address this issue, inasmuch as the evidence at the hearing in support of this petition reveals numerous other incidents of respondent's erratic, damaging behavior upon which Family Court relied and which were more than sufficient to uphold this neglect finding. The record fully supports Family Court's findings that respondent routinely exhibited fits of anger in the presence of the children which often necessitated police involvement, repeatedly violated orders of protection and visitation orders, allowed her children to spend time in the presence of a convicted child abuser and persisted in advising her children that they need not pay attention to court orders prohibiting contact with her. She undermined the children's cooperation with caseworkers and counselors, registered a false report alleging neglect against the father and encouraged her daughter to invent sexual abuse accusations against the father. Perhaps most troubling are the effects on the children from exposure to behavior caused by respon-

dent's serious mental health illness, including 11 suicide attempts in four years, two involving respondent hysterically appearing at their home "to say goodbye."

We find full record support for Family Court's determination that respondent has "put the children in imminent danger of physical, mental or emotional harm or substantial risk thereof" (*Matter of Maryann NN.*, 244 AD2d 785, 787 [1997]; *see Matter of Frank Y.*, 11 AD3d 740, 741 [2004]; *Matter of James MM. v June OO.*, 294 AD2d 630, 632-633 [2002]; *Matter of Caleb L.*, 287 AD2d 831, 832 [2001]; *Matter of Adam DD.*, 112 AD2d 493, 495 [1985]) and that, despite mental health treatment, respondent continues to provide inadequate care for them (*see Matter of Jeran PP.*, 6 AD3d 994 [2004]; *Matter of Anna Marie SS.*, 306 AD2d 659, 660 [2003], *lv denied* 100 NY2d 516 [2003]).

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.