■ In the Matter of ANTHONY TT. and Another, Alleged to be Neglected Children. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PHILIP TT., Appellant. [876 NYS2d 561]—Mercure, J.P. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered June 3, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, for a temporary order of supervision.

In April 2008, petitioner commenced this neglect proceeding against respondent, the father of two sons (born in 1995 and 1997). At a hearing held pursuant to Family Ct Act § 1027, petitioner requested, among other things, a temporary order of supervision and that custody of the children be transferred to their mother. Respondent requested that a hearing be held pursuant to Family Ct Act § 1028. Family Court granted petitioner's requests, leading to this appeal.*

Respondent and the Law Guardian argue that reversal is war-

---

* The order from which respondent appeals was amended one week later to include several minor clarifications that are not relevant here. Under these circumstances, this Court may review the amended order without another notice of appeal having been filed (*see Matter of Ashlie B.*, 37 AD3d 997, 997 n [2007]).

ranted here inasmuch as Family Court failed to comply with the requirements of Family Ct Act § 1027, which requires a "fact-intensive inquiry" to determine whether removal of the child from a parent is necessary to avoid imminent risk to the child's life or health (*Nicholson v Scoppetta*, 3 NY3d 357, 377 [2004]; *see* Family Ct Act § 1027 [b] [i]), as well as the issuance of an order detailing the findings supporting the court's conclusion that removal is necessary (*see* Family Ct Act § 1027 [b] [ii]). We note that there is no dispute that a Family Ct Act § 1028 hearing has been conducted—as respondent requested—at which witnesses testified on behalf of the parties. In addition, the court conducted a *Lincoln* hearing. Thereafter, Family Court issued an order dated August 15, 2008, which adequately set forth its rationale and the facts upon which it relied in determining that removal was in the children's best interests, and continued its order removing the children, as well as the orders of protection and supervision. Under these circumstances, we conclude that this appeal is now moot and that the exception to the mootness doctrine does not apply (*see Matter of Cheyenne A.*, 56 AD3d 1008, 1008-1009 [2008]; *Matter of Chelsea BB.*, 34 AD3d 1085, 1088 [2006], *lv denied* 8 NY3d 806 [2007]; *Matter of Senator NN.*, 305 AD2d 819, 820 [2003]). We have considered respondent's remaining argument and find that it is meritless.

Peters, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.