■ In the Matter of ANTHONY TT. and Another, Children Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PHILIP TT., Appellant. MARSHA K. PURDUE, as Attorney for the Children, Appellant. [914 NYS2d 765]—

Mercure, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered May 18, 2009, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

As set forth in our prior decision on this matter (*Matter of Anthony TT.*, 61 AD3d 1137 [2009], *lv denied* 12 NY3d 715 [2009]), petitioner commenced this proceeding against respon-

dent, the father of two sons (born in 1995 and 1997), in 2008. Petitioner alleged that the children were neglected due to respondent's failure to provide proper supervision or guardianship, and his failure to care for the children by reason of his untreated mental illness. Following a Family Ct Act § 1028 hearing, Family Court (Richards, J.) continued a temporary order removing the children from respondent's custody and transferring custody to their mother. At the conclusion of a subsequent fact-finding hearing, the court (Potter, J.) found that respondent had neglected the children. A dispositional hearing then ensued, resulting in respondent's placement under petitioner's supervision with the direction that he cooperate with recommended mental health treatment, and an order of protection prohibiting his contact with the children outside of a one-hour supervised visit per week. Respondent and the attorney for the children now appeal, arguing that petitioner failed to meet its burden of proving that the father neglected the children. We disagree.

"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004] [citation omitted]; *see* Family Ct Act § 1012 [f] [i]). Here, it is conceded that petitioner demonstrated that respondent suffers from a mental illness that both requires treatment and renders his thought processes "convoluted, deluded and irrational." "While evidence of mental illness, alone, does not support a finding of neglect, such evidence may be part of a neglect determination when the proof further demonstrates that a respondent's condition creates an imminent risk of physical, mental or emotional harm to a child" (*Matter of Anna Marie SS.*, 306 AD2d 659, 660 [2003], *lv denied* 100 NY2d 516 [2003]; *see Matter of Jesse DD.*, 223 AD2d 929, 930-932 [1996], *lv denied* 88 NY2d 803 [1996]).

Petitioner presented evidence that respondent's mental illness led him to believe that the children's mother was working with various governmental employees and agencies, including the Departments of Homeland Security and Defense, to track him and the children, and that in furtherance of its attempts to harass him, the government had implanted various surveillance devices in his body, such as infrared in his eyes. Although he did not testify at the fact-finding hearing, respondent confirmed these beliefs in an extensive tirade at the close of the hearing.

Moreover, respondent had convinced the children of the truth of his beliefs, and the children had begun to exhibit animosity to the mother, as well as signs of mental illness due to their adoption of respondent's conspiratorial beliefs.

The testimony at the fact-finding hearing further demonstrated that respondent's illness had led him to, among other things, violate an order of protection by confronting the children's mother—in the presence of the children and uniformed police officers at a police station—and threatening to kill her. Respondent thereafter confirmed to a caseworker that, although he did not intend to harm the mother, "he was going to go after [the mother], go every step of the way, that he wanted her off the face of the earth." In addition, respondent boasted to the caseworker about his resistance to receiving treatment for his mental illness and his ability to "manipulate the system" by lying to doctors about taking his prescribed medicine.

In our view, the foregoing, along with the adverse inference arising from respondent's failure to testify, amply supports Family Court's finding that respondent's untreated mental illness rendered him unable to care for the children and placed them in imminent danger of mental and emotional harm (*see Matter of Julian K.*, 23 AD3d 717, 718-719 [2005]; *Matter of Harmony S.*, 22 AD3d 972, 973-974 [2005]; *Matter of Anna Marie SS.*, 306 AD2d at 660; *Matter of Jesse DD.*, 223 AD2d at 931-932). Accordingly, a sound and substantial basis exists to support the court's finding of neglect.

Cardona, P.J., Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.