■ In the Matter of GRACE F. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NICOLE F., Appellant. [41 NYS3d 515]—

Appeal by the mother from an order of fact-finding and disposition of the Family Court, Suffolk County (Caren Loguercio, J.), dated June 25, 2015. The order, after fact-finding and dispositional hearings, found that the mother neglected the subject child, and, inter alia, placed the mother under the supervision of the Department of Social Services for a period of 12 months.

Ordered that the appeal from so much of the order of fact-finding and disposition as placed the mother under the supervision of the Department of Social Services for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of supervision has expired; and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

In October 2014, the petitioner commenced this proceeding pursuant to Family Court Act article 10. It alleged that on September 24, 2014, while caring for the subject child, the mother had been hospitalized after taking an overdose of prescription drugs and alcohol. After a fact-finding hearing, the Family Court determined that the mother neglected the child. The mother appeals.

Contrary to the mother's contention, the Family Court's finding of neglect is supported by a preponderance of the evidence (see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; Matter of Samantha R. [Laurie R.], 116 AD3d 867, 868 [2014]). At the fact-finding hearing, the child's maternal grandfather testified that on September 24, 2014, the child, who was then nine years old, called him in a "panic" and told him that the mother was sick, had vomited, and would not wake up. He went to the mother's home and found the child alone with the mother, who was unconscious on the couch. He woke the mother, who began "screaming cursing and kicking," and then went into convulsions. He took the mother to the hospital, where she remained for five days. The doctor who examined the mother at the hospital testified that tests showed that her blood-alcohol level was elevated, though she denied having consumed alcohol.

On September 30, 2014, the mother refused to submit to a court-ordered hair follicle test, although the Family Court warned her that it could draw a negative inference from her

refusal. On November 14, 2014, she agreed to take the test, which came back negative for the 30-day period before the test, but positive for opiates, codeine, and hydrocodone in the 30- to 60-day period and the 60- to 90-day period before the test.

To support a finding of neglect, the petitioner must establish, by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1, 3 [1985]), that the subject child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]; *see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]). Here, the evidence established that the child's emotional condition was impaired as a result of the mother's failure to exercise a minimum degree of care in providing the child with proper supervision and guardianship by misusing drugs and/or alcohol to the extent that she lost self-control of her actions (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Alaysha E. [John R.E.]*, 94 AD3d 988, 989 [2012]; *Matter of Aaliyah G.*, 51 AD3d 918, 918 [2008]; *Matter of Rae Ann Q.*, 299 AD2d 487, 488 [2002]). Rivera, J.P., Leventhal, Roman and LaSalle, JJ., concur.