Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered June 7, 2016 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondents had neglected the subject child.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: In this proceeding pursuant to article 10 of the Family Court Act, respondent mother appeals from an order in which Family Court determined that she neglected the subject child. In reviewing the propriety of the order, we note that petitioner’s burden was to “demonstrate by a preponderance of the evidence ‘first, that [the] child’s physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent... to exercise a minimum degree of care in providing the child with proper supervision or guardianship’ ” (Matter of Ilona H. [Elton H.], 93 AD3d 1165, 1166 [4th Dept 2012], quoting Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see §§ 1012 [f] [i] [B]; 1046 [b] [i]). We further note that the court’s “findings of fact are accorded deference and will not be disturbed unless they lack a sound and substantial basis in the record” (Matter of Kaleb U. [Heather V.—Ryan U.], 77 AD3d 1097, 1098 [3d Dept 2010]; see Matter of Arianna M. [Brian M.], 105 AD3d 1401, 1401 [4th Dept 2013], lv denied 21 NY3d 862 [2013]).
 

 We conclude that there is a sound and substantial basis in the record supporting the court’s determination that petitioner met its burden of establishing the mother’s neglect of the child, i.e., that “the child was in imminent danger of impairment as a result of [the mother’s] failure to exercise a minimum degree of care” (Matter of Paul U., 12 AD3d 969, 971 [3d Dept 2004]; see Matter of Claudina E.P. [Stephanie M.], 91 AD3d 1324, 1324 [4th Dept 2012]; see generally Nicholson, 3 NY3d at 368-370). The evidence supporting the court’s determination includes the testimony and notes of petitioner’s caseworker, as well as neonatal hospital records, which outline the mother’s difficulties in caring for the child during the first four days of his life.
 

 We reject the mother’s contention that the finding of neglect was based solely on her mental illness. “ While evidence of mental illness, alone, does not support a finding of neglect, such evidence may be part of a neglect determination when the proof further demonstrates that a respondent’s condition creates an imminent risk of physical, mental or emotional harm to a child’ ” (Matter of Anthony TT [Philip TT.], 80 AD3d 901, 902 [3d Dept 2011], lv denied 17 NY3d 704 [2011]; see generally Matter of Joseph MM. [Clifford MM.], 91 AD3d 1077, 1079 [3d Dept 2012], lv denied 18 NY3d 809 [2012]). Petitioner presented testimony and documentary evidence establishing that the mother’s mental illness and intellectual disabilities rendered her unable to feed the child properly or to support the child’s head, even while under hospital supervision. Thus, there was a sound and substantial basis supporting the court’s determination that the child would be harmed if the mother were allowed to control his feeding schedule or to hold the child unsupervised.
 

 Present—Smith, J.P., Peradotto, DeJoseph, NeMoyer and Curran, JJ.