Matter of Riley P. (Raymond S.) (2019 NY Slip Op 02525)





Matter of Riley P. (Raymond S.)


2019 NY Slip Op 02525


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-06340 
2018-06341
 (Docket Nos. N-6024-18, N-6025-18, N-6026-18)

[*1]In the Matter of Riley P. (Anonymous). Administration for Children's Services,
petitioner-respondent; Raymond S. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Maxwell S. (Anonymous). Administration for Children's Services, petitioner-respondent; Raymond S. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Logan S. (Anonymous). Administration for Children's Services, petitioner-respondent; Raymond S. (Anonymous), appellant, et al., respondent. (Proceeding No. 3)


Richard L. Herzfeld, P.C., New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jeremy W. Shweder and Ellen Ravitch of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne Mitchell and John A. Newbery of counsel), attorney for the children.



DECISION & ORDER
In three proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of the Family Court, Queens County (Margaret Morgan, J.), dated March 23, 2018, and (2) an order of the same court dated April 11, 2018. The order dated March 23, 2018, insofar as appealed from, granted the petitioner's application for the temporary removal of the child Riley P. from the custody of the father and to place Riley P. in the custody of the petitioner pursuant to Family Court Act § 1027. The order dated April 11, 2018, insofar as appealed from, after a hearing, in effect, directed that Riley P. remain in the temporary custody of the petitioner pursuant to Family Court Act § 1027 and conditioned the return of the children Maxwell S. and Logan S. to the custody of the father upon his submission to drug testing.
ORDERED that the appeal from so much of the order dated April 11, 2018, as [*2]conditioned the return of the children Maxwell S. and Logan S. to the custody of the father upon his submission to drug testing is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order dated March 23, 2018, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order dated April 11, 2018, is affirmed insofar as reviewed, without costs or disbursements.
The Administration for Children's Services filed three petitions alleging, inter alia, that the father neglected the three subject children. By order dated March 23, 2018, the Family Court, inter alia, granted the petitioner's application for the temporary removal of the child Riley P. from the custody of the father and to place Riley P. in the custody of the petitioner pursuant to Family Court Act § 1027. By order dated April 11, 2018, the Family Court, after a hearing, among other things, in effect, directed that the child Riley P. remain in the temporary custody of the petitioner and conditioned the return of the other two children to the custody of the father upon his submission to drug testing.
We agree with the Family Court's determination granting the petitioner's application for the temporary removal of the child Riley P. from the custody of the father and to place Riley P. in the custody of the petitioner pursuant to Family Court Act § 1027. "[O]nce a child protective petition has been filed, Family Court Act § 1027(a)(iii) authorizes the court to conduct a hearing to determine whether the child's interests require protection, including whether the child should be removed from his or her parent" (Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 204 [internal quotation marks omitted]). Following such a hearing, temporary removal is authorized only where the court finds it necessary "to avoid imminent risk to the child's life or health" (Nicholson v Scoppetta, 3 NY3d 357, 376; see Family Ct Act § 1027[b][i]). In determining a temporary removal application, "[the] court must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal," and it must "balance that risk against the harm removal might bring, and . . . determine . . . which course is in the child's best interests" (Nicholson v Scoppetta, 3 NY3d at 378; see Matter of Jorge T. [Christine S.], 157 AD3d 800, 800-801). Since the Family Court has the advantage of viewing the witnesses and assessing their character and credibility, its determination in this regard should not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Jorge T. [Christine S.], 157 AD3d at 801; Matter of David Edward D., 35 AD3d 856; Matter of Jennifer R., 29 AD3d 1003, 1004).
Here, there is a sound and substantial basis in the record supporting the finding of the Family Court that the child Riley P. would be subject to imminent risk if she were to remain in the father's care, and that the risk could not be mitigated by actions other than removal (see Matter of Luna V. [Natasha V.], 163 AD3d 689; Matter of Sara A. [Ashik A.], 141 AD3d 646; see also Matter of Grace F. [Nicole F.], 144 AD3d 680).
The father's appeal from so much of the order dated April 11, 2018, as conditioned the return of the two older children to his custody upon his submission to drug testing has been superseded by a subsequent order of the Family Court dated July 30, 2018, which, upon the father's consent, contained a similar condition. Accordingly, the appeal from that portion of the order dated April 11, 2018, must be dismissed as academic (see Matter of Hannah T.R. [Soya R.], 156 AD3d 886; Matter of Serena H. [Melanie F.], 141 AD3d 522).
The father's contention regarding a purported restriction on his right to communicate with his attorney is not properly before this Court, as the father did not object to that restriction at the hearing (see generally People v Umali, 10 NY3d 417, 423-424). We decline to review this contention in the exercise of our interest of justice jurisdiction (see generally id.).
LEVENTHAL, J.P., HINDS-RADIX, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court