Matter of Faith K. (Cindy R.) (2021 NY Slip Op 02919)





Matter of Faith K. (Cindy R.)


2021 NY Slip Op 02919


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


394 CAF 19-02323

[*1]IN THE MATTER OF FAITH K. ONTARIO COUNTY DEPARTMENT OF SOCIAL SERVICES, CHILD PROTECTIVE UNIT, PETITIONER-RESPONDENT; CINDY R. AND JAMIE K., RESPONDENTS-APPELLANTS. (APPEAL NO. 1.)






PAUL B. WATKINS, FAIRPORT, FOR RESPONDENT-APPELLANT CINDY R.
MICHAEL J. PULVER, NORTH SYRACUSE, FOR RESPONDENT-APPELLANT JAMIE K.
HOLLY A. ADAMS, COUNTY ATTORNEY, CANANDAIGUA, FOR PETITIONER-RESPONDENT.
SUSAN E. GRAY, CANANDAIGUA, ATTORNEY FOR THE CHILD. 


 Appeals from an order of the Family Court, Ontario County (Frederick G. Reed, A.J.), entered December 16, 2019 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondents had neglected the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, respondent mother and respondent father each appeal, as limited by their briefs, from that part of an order of fact-finding and disposition adjudging that they neglected the subject child. In appeal Nos. 2 and 3, respondents each appeal from two permanency orders that continued the subject child's placement with petitioner and adhered to the goal of returning the subject child to respondents. As a preliminary matter, appeal Nos. 2 and 3 must be dismissed inasmuch as the orders in those appeals either have expired by their terms or have been superseded by subsequent orders (see Matter of Giovanni K., 62 AD3d 1242, 1242 [4th Dept 2009], lv denied 12 NY3d 715 [2009]; cf. Matter of Nevaeh L. [Katherine L.], 177 AD3d 1400, 1401 [4th Dept 2019]).
With respect to the order in appeal No. 1, we reject the mother's contention that there is no sound and substantial basis in the record to support Family Court's determination that she neglected the subject child. Contrary to the mother's contention, her medical records and the medical records of the subject child were properly admitted in evidence (see Matter of Zackery S. [Stephanie S.], 170 AD3d 1594, 1594-1595 [4th Dept 2019]; Matter of Skylar F. [David Judah P.], 121 AD3d 611, 612 [1st Dept 2014]), and those records established that the mother used cocaine sporadically throughout her pregnancy with the subject child and tested positive for cocaine the day before the subject child was born. Although the mother correctly contends that a parent's positive toxicology report, alone, is insufficient to establish imminent danger to a child (see Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]), the evidence at the fact-finding hearing, including the mother's prior Family Court records, which were also properly admitted in evidence (see Family Ct Act § 1046 [a] [i]), established that the mother's "use of cocaine during her pregnancy, considered in conjunction with her prior, demonstrated inability to adequately care for her [older] children while misusing drugs[,] provided a sufficient basis to conclude, at the least, that [the subject child] was in imminent danger of impairment" (Denise J., 87 NY2d at 80; see Matter of Oscar Alejandro C.L. [Nicauris L.], 161 AD3d 705, 706 [1st Dept 2018]; cf. Matter of William N. [Kimberly H.], 118 AD3d 703, 705 [2d Dept 2014]).
Contrary to the mother's further contention, the court did not find that the subject child was neglected based only on the mother's disability. Rather, it was the mother's disability, combined with other factors, that established that the mother had neglected the child (see Matter of Joseph MM. [Clifford MM.], 91 AD3d 1077, 1079 [3d Dept 2012], lv denied 18 NY3d 809 [2012]; see also Matter of Sean P. [Brandy P.], 156 AD3d 1339, 1340 [4th Dept 2017], lv denied 31 NY3d 903 [2018]).
With respect to the father's contention in appeal No. 1, we conclude that his continued use of illicit substances as well as his failure to comply with a service plan instituted in relation to a proceeding involving his older child established that the subject child would be at imminent risk of harm if placed in his care (see Matter of Baby B.W. [Tracy B.H.], 148 AD3d 1786, 1787 [4th Dept 2017], lv denied 29 NY3d 912 [2017]). "[U]ntil the [father] is able to successfully address and acknowledge the circumstances that led to the removal of the other child[ ], we cannot agree that the return of the subject child to the [father's] custody . . . would not present an imminent risk to the subject child's life or health" (Matter of Julissia B. [Navasia J.], 128 AD3d 690, 691-692 [2d Dept 2015]).
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court