Matter of Trinity B.-S (William R.N.) (2021 NY Slip Op 05234)





Matter of Trinity B.-S (William R.N.)


2021 NY Slip Op 05234


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


799 CAF 19-01842

[*1]IN THE MATTER OF TRINITY B.-S. AND KARINA N. OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; WILLIAM R.N., RESPONDENT-APPELLANT.






DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR RESPONDENT-APPELLANT.
JEFFERY G. TOMPKINS, CAMDEN, FOR PETITIONER-RESPONDENT.
LAWRENCE BROWN, BRIDGEPORT, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Oswego County (James K. Eby, J.), entered September 6, 2019 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order in this Family Court Act article 10 proceeding, we reject the contention of respondent father that the evidence does not establish his neglect of the subject children by a preponderance of the evidence. Petitioner established a presumption of neglect based on the father's chronic and repeated misuse of drugs while entrusted with the care of the subject children (see Family Ct Act § 1046 [a] [iii]; Matter of Jack S. [Franklin O.S.], 173 AD3d 1842, 1843 [4th Dept 2019]; Matter of Kenneth C. [Terri C.], 145 AD3d 1612, 1613 [4th Dept 2016], lv denied 29 NY3d 905 [2017]). Contrary to the father's contention, the presumption of neglect was not rebutted inasmuch as the evidence did not establish that he was "voluntarily and regularly participating in a recognized rehabilitative program" (§ 1046 [a] [iii]; see Matter of Brooklyn S. [Stafania Q.—Devin S.], 150 AD3d 1698, 1698-1699 [4th Dept 2017], lv denied 29 NY3d 919 [2017]). In any event, the evidence established that the children's "physical, mental or emotional condition[s] [were] impaired or [were] in imminent danger of becoming impaired" as a result of the father's failure to exercise a minimum degree of care in providing the children with proper supervision and guardianship "by misusing a drug or drugs" (§ 1012 [f] [i] [B]; see Matter of Timothy B. [Paul K.], 138 AD3d 1460, 1462 [4th Dept 2016], lv denied 28 NY3d 908 [2016]). Additionally, petitioner established that the children's mental or emotional condition was impaired or was in imminent danger of becoming impaired by their exposure to domestic violence (see Matter of Trinity E. [Robert E.], 137 AD3d 1590, 1591 [4th Dept 2016]; see generally Nicholson v Scoppetta, 3 NY3d 357, 371 [2004]; Matter of Nevin H. [Stephanie H.], 164 AD3d 1090, 1091-1092 [4th Dept 2018]).
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court