Matter of Jahkai S. (Shirley S.) (2023 NY Slip Op 02424)

Matter of Jahkai S. (Shirley S.)

2023 NY Slip Op 02424

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

227 CAF 22-00278

[*1]IN THE MATTER OF JAHKAI S. AND JAZMINE S. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; SHIRLEY S., RESPONDENT-APPELLANT.

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (ERIN WELCH FAIR OF COUNSEL), FOR PETITIONER-RESPONDENT.
CATHERINE M. SULLIVAN, OSWEGO, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Onondaga County (Julie A. Cerio, J.), entered January 14, 2022 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent had neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order that, inter alia, adjudged that she neglected the children who are the subject of this proceeding. We affirm. Petitioner established by a preponderance of the evidence that the mental or emotional condition of each child was in imminent danger of becoming impaired as a result of the mother's failure to exercise a minimum degree of care (see Family Ct Act
§§ 1012 [f] [i]; 1046 [b] [i]). The evidence at the hearing established that the mother called for an ambulance to transport her to a hospital's Comprehensive Psychiatric Emergency Program because she did not feel safe at home; upon admission she was found to be psychotic and unable to care for herself. The mother admitted to regular PCP use, including its use earlier that week, and admitted that she had not taken her psychiatric medication in a month. Moreover, the mother was unable to plan for the children's care on her own. We conclude that petitioner established imminent danger—i.e., "near or impending" injury or impairment—to the children as a result of the combination of the mother's mental illness, her failure to take her prescribed medication, and her use of illicit drugs (Matter of Zackery S. [Stephanie S.], 170 AD3d 1594, 1595 [4th Dept 2019] [internal quotation marks omitted]; see Matter of Trinity B.-S. [William R.N.], 198 AD3d 1331, 1332 [4th Dept 2021], lv denied 37 NY3d 919 [2022]; Matter of Faith K. [Cindy R.], 194 AD3d 1402, 1403 [4th Dept 2021]; Matter of Lyndon S. [Hillary S.], 163 AD3d 1432, 1433 [4th Dept 2018]; see generally Nicholson v Scoppetta, 3 NY3d 357, 369 [2004]). Contrary to the mother's contention, the evidence was sufficient to establish a causal connection between the mother's failure to treat her mental illness and the potential harm to the children (see Lyndon S., 163 AD3d at 1433-1434; see generally Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011]).
We have considered the mother's remaining contentions and conclude that they are without merit.
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court