Matter of Alexander P. (Jillian P.) (2023 NY Slip Op 02442)

Matter of Alexander P. (Jillian P.)

2023 NY Slip Op 02442

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, OGDEN, AND GREENWOOD, JJ.

394 CAF 21-01796

[*1]IN THE MATTER OF ALEXANDER P. AND CHRISTIAN P. OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; JILLIAN P., RESPONDENT-APPELLANT.

STEPHANIE R. DIGIORGIO, UTICA, FOR RESPONDENT-APPELLANT.
LAURA ESTELA CARDONA, EAST SYRACUSE, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Oswego County (Spencer J. Ludington, A.J.), entered November 17, 2021 in a proceeding pursuant to Family Court Act article 10. The order entered a suspended judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this neglect proceeding pursuant to Family Court Act article 10 alleging, inter alia, that respondent mother neglected her two children on two occasions after she became impaired from use of an inhalant to the point that she was unable to care for them. During the first incident, the mother used an inhalant while the children were in her custody and the children were unable to wake her. The children, both under the age of 10 at the time, were thus left in the house without any supervision. The older child called the nonparty father, who sent the paternal grandmother to the house to get the children. On the second occasion, the mother again used an inhalant and, when the children arrived home from school on the bus, they observed her lying on the couch with a can of dust remover nearby. Again the children were unable to wake her. The older child called the father and barricaded the door in order to protect his younger brother from strangers. The mother now appeals from an order of disposition that, inter alia, ordered a suspended judgment upon a finding that the mother neglected the children.
Contrary to the mother's contention, we conclude that Family Court properly determined that the children were neglected, i.e., that their physical, mental or emotional condition was "in imminent danger of becoming impaired as a result of" the mother's failure to exercise a minimum degree of care "in providing the child[ren] with proper supervision" (Family Ct Act § 1012 [f] [i] [B]; see generally Nicholson v Scoppetta, 3 NY3d 357, 369-370 [2004]). Although no actual harm befell the children, petitioner established by a preponderance of the evidence that, on two occasions, the mother's behavior while under the influence of an inhalant "created an imminent danger of emotional or mental impairment to the children" (Matter of Nevaeh L. [Katherine L.], 177 AD3d 1400, 1402 [4th Dept 2019]). As in Nevaeh L., this is not a situation where the children were unaware of the mother's use of inhalants (see id.). The mother was " 'pass[ing] out' when her children were awake and in need of her care" (id.). The children were unable to wake her and were scared (see Matter of Grace F. [Nicole F.], 144 AD3d 680, 680 [2d Dept 2016]). The children's reports that the mother had used her "medicine," i.e., inhalants, were corroborated by the testimony of the father and law enforcement that they observed the can of inhalants when they arrived at the mother's house, as well as by the father's testimony that he was unable to wake her upon his arrival after the second incident. The children's statements were also corroborated by the deputy's observations of the mother's behavior, which included slurred speech and lethargy (see Matter of Kaylee D. [Kimberly D.], 154 AD3d 1343, 1344-1345 [4th Dept 2017]). We thus conclude that there is a sound and substantial basis to support the [*2]court's determination that the mother neglected the children (see generally Nevaeh L., 177 AD3d at 1402; Matter of Sean P. [Brandy P.], 156 AD3d 1339, 1339-1340 [4th Dept 2017], lv denied 31 NY3d 903 [2018]).
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court