Matter of Maxine L. (Tajionna P.) (2025 NY Slip Op 03397)

Matter of Maxine L. (Tajionna P.)

2025 NY Slip Op 03397

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

30 CAF 23-01395

[*1]IN THE MATTER OF MAXINE L. AND ISHMAEL L. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; TAJIONNA P., RESPONDENT-APPELLANT, AND ROMEL L., RESPONDENT. 

PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT. 
MARYANGELA SCALZO, UTICA, FOR PETITIONER-RESPONDENT.

 Appeal from an order of the Family Court, Oneida County (Julia Brouillette, J.), entered June 1, 2023, in a proceeding pursuant to Family Court Act article 10. The order, inter alia, continued the placement of the subject children with petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order of disposition that, inter alia, continued the subject children's placement with petitioner. The mother's appeal brings up for review the propriety of an earlier order of fact-finding, following a hearing, that, inter alia, adjudged that she neglected Ishmael L. (see CPLR 5501 [a] [1]; Family Ct Act § 1118; Matter of Thomas B. [Calla B.], 139 AD3d 1402, 1402-1403 [4th Dept 2016]). We affirm. Petitioner established by a preponderance of the evidence that the mental or emotional condition of Ishmael L. was in imminent danger of becoming impaired as a result of the mother's failure to exercise a minimum degree of care (see Family Ct Act §§ 1012 [f] [i]; 1046 [b] [i]). "An imminent danger to the child may result from a respondent's long-standing history of mental illness and noncompliance with treatment" (Matter of Lyndon S. [Hillary S.], 163 AD3d 1432, 1433 [4th Dept 2018] [internal quotation marks omitted]; see Matter of Jesse DD., 223 AD2d 929, 931-932 [3d Dept 1996], lv denied 88 NY2d 803 [1996]). "The evidence must establish a causal connection between the parent's condition, and actual or potential harm to the child[ ]" (Matter of Jesus M. [Jamie M.], 118 AD3d 1436, 1437 [4th Dept 2014], lv denied 24 NY3d 904 [2014]). "In reviewing a determination of neglect, [this Court] must accord great weight and deference to the determination of Family Court, including its drawing of inferences and assessment of credibility, and . . . should not disturb its determination unless clearly unsupported by the record" (Matter of Shaylee R., 13 AD3d 1106, 1106 [4th Dept 2004]; see Matter of Bryan O. [Zabiullah O.], 153 AD3d 1641, 1642 [4th Dept 2017]; Matter of Emily W. [Michael S.—Rebecca S.], 150 AD3d 1707, 1709 [4th Dept 2017]).
Here, the evidence at the hearing established that the mother had a history of suicidal thoughts that led to her being admitted to the hospital several times, had a history of failing to follow through on her treatment, and resisted taking her prescribed medication for depression and impulse control disorder (see Matter of Jahkai S. [Shirley S.], 216 AD3d 1432, 1432 [4th Dept 2023]; Matter of Majerae T. [Crystal T.], 74 AD3d 1784, 1785 [4th Dept 2010]). We further note that the evidence of the mother's cognitive disability, when coupled with other aspects of her mental health condition, supports the determination that the mother neglected Ishmael L. (see Matter of Faith K. [Cindy R.], 194 AD3d 1402, 1403 [4th Dept 2021]; Matter of Joseph MM. [Clifford MM.], 91 AD3d 1077, 1079 [3d Dept 2012], lv denied 18 NY3d 809 [2012]; see generally Matter of Anthony TT. [Philip TT.], 80 AD3d 901, 902 [3d Dept 2011], lv denied 17 NY3d 704 [2011]). We do, however, agree with the mother that petitioner failed to establish by [*2]a preponderance of the evidence that Ishmael L.'s "physical, mental or emotional condition ha[d] been impaired or [was] in imminent danger of becoming impaired" as a result of the alleged incidents of domestic violence between his parents (Nicholson v Scoppetta, 3 NY3d 359, 368 [2004]).
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court