Matter of Adelaide H. (Heather H.)

2026 NY Slip Op 02548

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF ADELAIDE H. WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;

v

HEATHER H., RESPONDENT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

223 CAF 24-01683

Present: Lindley, J.P., Curran, Ogden, Delconte, And Hannah, JJ.

TYSON BLUE, MACEDON, FOR RESPONDENT-APPELLANT.

JEANNIE D'ALESSANDRO, LYONS, FOR PETITIONER-RESPONDENT.

ALISON BATES, VICTOR, ATTORNEY FOR THE CHILD.

Appeal from an order of the Family Court, Wayne County (John L. Grow, J.), dated August 15, 2024, in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent had neglected the subject child.

[*1]

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order of disposition that, inter alia, placed her under the supervision of petitioner. That order, although expired in part, brings up for review the underlying fact-finding order in which Family Court found that, as a result of the mother's mental illness and illicit drug use, she neglected the subject child (see Matter of Clarissa F. [Carrie W.], 227 AD3d 1543, 1543 [4th Dept 2024], lv denied 42 NY3d 907 [2024]; Matter of Jimmy D., 302 AD2d 892, 892 [4th Dept 2003], lv denied 100 NY2d 503 [2003]). We affirm.

Contrary to the mother's contention, we conclude that petitioner established by a preponderance of the evidence that the subject child was neglected as a result of the mother's mental illness and substance abuse (see Matter of Zackery S. [Stephanie S.], 170 AD3d 1594, 1595 [4th Dept 2019]; Matter of Thomas B. [Calla B.], 139 AD3d 1402, 1403-1404 [4th Dept 2016]; see generally Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; Nicholson v Scoppetta, 3 NY3d 357, 368-369 [2004]). The evidence at the fact-finding hearing established that, as a result of the mother's mental illness and substance abuse, the mother suffered from delusions and engaged in paranoid behavior that placed the subject child's physical, mental, or emotional condition in imminent danger of becoming impaired (see Matter of Jahkai S. [Shirley S.], 216 AD3d 1432, 1432 [4th Dept 2023]; Zackery S., 170 AD3d at 1595; see generally Matter of Alexis H. [Jennifer T.], 90 AD3d 1679, 1680 [4th Dept 2011], lv denied 18 NY3d 810 [2012]).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court